IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JASON RANDOLPH,

     Plaintiff,

vs.

RONNIE DALE SCHUBERT;
GARY GREEN;
CHIEF OF POLICE DAVID E. BEATY; and
THE CITY OF CROSSVILLE, TENNESSEE,

Defendants.

No. 2:06-cv-00058
No. 2:06-cv-00050

---

### AFFIDAVIT OF ANDREW C. CLARKE
### IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES

---

STATE OF TENNESSEE:
COUNTY OF SHELBY:

     Personally appeared before me, the undersigned authority, Andrew C. Clarke, who after being duly sworn, does make oath and state as follows:

    1.    My name is Andrew C. Clarke. I am an adult resident of Memphis, Shelby County, Tennessee and have personal knowledge of the facts set forth herein. I am one of the Plaintiff's attorneys in the case *sub judice*. This Affidavit is being submitted in support of Plaintiff's Motion for Attorney's Fees, Costs and Expenses.

### I. QUALIFICATIONS AND EXPERIENCE

    2.    My educational background is as follows:

    a.    Davidson College, Davidson, North Carolina. August 1984 - May 1988. Received Bachelor of Arts in History in May 1988.

    b.    Florida International University, Miami, Florida. June 1988 - August 1989. Received Master of Science in Criminal Justice in August 1989. Received Outstanding Scholar award - 1988- 1989.

    c.    Cecil C. Humphrey's School of Law. Memphis State University, Memphis, Tennessee. August 1989 - May 1992. Received J.D. in May, 1992.

3.     I worked with the Law Offices of Bailey & Clarke (a/k/a Bailey, Clarke & Benfield) as an attorney from May 1992 through October of 2006. At Bailey & Clarke, I handled all aspects of plaintiffs' litigation involving catastrophically injured clients, but concentrated on civil rights and police misconduct litigation. Since October of 2006, I have been employed by the firm of Borod & Kramer, P.C. and continue to focus my practice on civil rights and police misconduct litigation.

4.     I am admitted to practice before the following state courts:

a.     Licensed member of the Tennessee Bar - November 1992;
b.     Licensed member of the Mississippi Bar - April 1993; and
c.     Licensed member of Arkansas Bar - April 1995.

5.     I have been admitted to practice before the following federal appellate courts:

a.     Admitted to practice before the U.S. Supreme Court - 3/17/97;
b.     U.S. Court of Appeals for the Fifth Circuit - 5/4/93;
c.     U.S. Court of Appeals for the Sixth Circuit - 4/1/96;
d.     U.S. Court of Appeals for the Eighth Circuit - 3/26/99;
e.     U.S. Court of Appeals for the Tenth Circuit - 10/10/96; and
f.     U.S. Court of Appeals for the Eleventh Circuit - 3/17/03.

6.     I have been admitted to practice before the following federal District Courts:

a.     Western District of Tennessee - 9/3/93;
b.     Middle District of Tennessee – 8/14/06;
c.     Northern District of Mississippi - 4/29/93;
d.     Southern District of Mississippi - 5/12/93;
e.     Eastern District of Arkansas - 9/26/95; and
f.     Western District of Arkansas - 9/26/95.

7.     I have appeared before the following federal District Courts *Pro Hac Vice*:

a.     Western District of Oklahoma;
b.     Northern District of Georgia, Atlanta Division;
c.     Northern District of Georgia, Newman Division; and
d.     Southern District of Alabama.

8.     I have the following professional affiliations and memberships:

a.     ATLA          Chairman - ATLA Civil Rights Section - 2002- 2003;
                      Chair Elect - ATLA Civil Rights Section - 2001-2002;
                      Executive Committee Member - ATLA Civil Rights Section - 2000-
                      12/2004;
                      Newsletter Editor - ATLA Civil Rights Section - 7/2003-12/2004;
                      Civil Rights Section - 1995 - present;
                      Member - 1993 - present;
b.     ACLU          Member - 1994 - present;

| c. | NPAP | (National Police Accountability Project) Board of Directors - 2001-present; Member - 1998 - present; |
| d. | TTLA | Tennessee Trial Lawyers Association - 1993 - present; |
| e. | STOPP | (Solutions to the Tragedies of Police Pursuits) - 1994-1998; |
| f. | FBA | Federal Bar Association - 1999 - 2001. |

9.   I have authored or co-authored the following articles:

a.   "Law Enforcement: Constitutional and Practical Implications of Police Restraint Procedures," Criminal Law Bulletin, January-February 1996. Co-author.

b.   "The Constitutional Implications of High-Speed Police Pursuits," University of Memphis Law Review, Volume 27, No. 3, Spring 1997. Co-author.

c.   "Police Pursuits: What Happens when Public Safety Takes a Back Seat to Chasing Criminals?" The Tennessee Trial Lawyer, Volume 17, No. 3, September 1997.

d.   "County of Sacramento v. Lewis: Its Impact and Unresolved Issues," Police Forum, (1998). Co-author.

e.   "County of Sacramento v. Lewis: A look at its Impact and Unanswered Questions," Police Executive Research Forum Newsletter, Vol. 12, No. 10/11 (Oct./Nov. 1998). Co-author.

f.   "Substantive Due Process Police Pursuit Actions after County of Sacramento v. Lewis," ATLA Civil Rights Newsletter, Volume VIII, Number 1, Winter 2001.

g.   "Fighting City Hall," Trial Magazine, February 2001.

h.   "Hog-Tie and Positional Asphyxia Cases," ATLA Civil Rights Newsletter, Volume IX, Number 2, Spring/Summer 2001.

i.   "Fighting City Hall," Civil Rights Litigation and Attorney Fees Handbook, Volume Seventeen (2001) (by National Police Accountability Project and published by West Group).

10.   I have written Amicus Briefs in the U.S. Supreme Court, the Eighth Circuit Court of

Appeals and the Tennessee Supreme Court, to wit:

a.   Wrote Amicus Brief for STOPP and a draft of the Amicus Brief for ATLA in County of Sacramento v. Lewis, 118 S.Ct. 1708 (May 1998), a police pursuit case brought pursuant to 42 U.S.C. Section 1983.

b.   Wrote Amicus Brief for STOPP in Helseth v. Burch, 258 F.3d 867 (8th Cir. 2001), a police pursuit case brought pursuant to 42 U.S.C. Section 1983.

c.   Wrote Amicus Brief for STOPP in Feist v. Simonton, 222 F.3d 455 (8th Cir. 2000), a police pursuit case brought pursuant to 42 U.S.C. Section 1983.

d.   Wrote Amicus Brief for TTLA in Haynes v. Hamilton County, 883 S.W.2d 606 (Tenn. 1995), a police pursuit case brought pursuant to Tennessee law. The Supreme Court in Haynes overruled numerous prior decisions which precluded innocent third parties from recovering against police departments for negligently "conducted" high-speed pursuits.

e.   Wrote Amicus Brief for TTLA in Limbaugh v. Coffee County, 59 S.W.3d 73 (Tenn. 2001), which dealt with the immunity of municipalities under state law for intentional torts committed by employees acting during the course and scope of employment.

f.    Wrote Amicus Brief for TTLA in <u>Valencia v. Freeland and Lemm Construction Company</u>, 108 S.W.3d 239 (Tenn. 2003) dealing with tort cases against employers and the exclusive remedy provision of the Tennessee Worker's Compensation Act.

g.    Wrote Amicus Brief for TTLA in the consolidated cases of <u>Lozano v. Lincoln Memorial University</u> and <u>Lynch v. Jellico</u>, --- S.W.3d ----, 2006 WL 2494170 (Tenn. August 30, 2006), dealing with the constitutionality of the caps contained in the 2004 amendments to the Tennessee Worker's Compensation Act.

11.    I have either written the materials for or been a speaker at the following seminars:

a.    Wrote materials for seminar on police pursuits presented by R. Sadler Bailey on May 14, 1994, entitled "Governmental/Municipal Liability Arising from Police Chases" for the 1994 Auto Torts Seminar hosted by the Tennessee Trial Lawyers Association.

b.    Presentation on police pursuits for the Southwestern Law Enforcement Institute Risk Management Workshop: Police Pursuit Policies, Dallas, Texas, May 28-29, 1998.

c.    Wrote materials for seminar on police pursuits presented by R. Sadler Bailey on October 9, 1998 entitled "Governmental/Municipal Liability Arising from Police Chases" for a continuing legal education seminar hosted by Wayne Emmons.

d.    Prepared "Civil Rights Symposium Forms Book" for the Federal Bar Association (Memphis/Mid-South Chapter) Civil Rights CLE Seminar (January 15, 1999).

e.    Presentation on police pursuits for the Southwestern Law Enforcement Institute Risk Management Workshop: Police Pursuit Policies, Dallas, Texas, March 15-16, 1999.

f.    Presentation on Tennessee Worker's Compensation Issues for Professional Education Systems, Inc., Memphis, Tennessee, December 6, 2000.

g.    Presentation - "Police Pursuit Actions After <u>County of Sacramento v. Lewis</u>." Federal Law Enforcement Training Center, March 16-17, 2001, Brunswick, Georgia.

h.    Presentation on Tennessee Worker's Compensation Issues for Professional Education Systems, Inc., Memphis, Tennessee, November 29, 2001.

j.    Presentation - "Pursuit Driver Training Symposium," Federal Law Enforcement Training Center and National Center for State and Local Law Enforcement Training," February 26-27, 2002, St. Simons, Georgia.

k.    Moderator - ATLA Civil Rights Section Annual Convention, July 22, 2002, Atlanta, Georgia.

l.    Presentation - "Pursuit Driver Training Symposium," Federal Law Enforcement Training Center and National Center for State and Local Law Enforcement Training," September 17-18, 2002, Dallas, Texas.

l.    Presentation - "High-Speed Pursuits," Smokey Mountain Criminal Justice Conference, November 8, 2002, Gatlinburg, Tennessee.

m.    Presentation on Tennessee Worker's Compensation Issue for Professional Education Systems, Inc., December 4, 2002. Memphis, Tennessee.

n.    Presentation on Unreasonable Force/Less than Lethal Force for National Lawyers Guild (NPAP). October 22, 2004. Birmingham, Alabama.

o.    Presentation on Police Misconduct Litigation for Georgetown CLE at the Georgetown Law Center. April 19, 2006. Washington, D.C.

p.    Scheduled speaker on Police Misconduct Litigation for Georgetown CLE at Georgetown Law Center. Scheduled for April 18, 2007. Washington, D.C.

12.    I presently have a case pending before the U.S. Supreme Court:

a.    <u>Harris v. Coweta County</u>, 433 F.3d 807 (11th Cir 2005), *cert. granted*, --- S.Ct. ---, 2006 WL 1733824 (10/27/06).

13. I have filed a Petition for *Writ of Certiorari* in the U.S. Supreme Court in the following cases:

a. <u>Evers v. Gulf Shores</u>, 85 Fed.Appx. 193 (11th Cir. 10/3/03), *cert. denied sub nom*, <u>Godwin v. Hill</u>, 124 S.Ct 2083 (4/26/04) (pursuit case); and

b. <u>Trigalet v. City of Tulsa</u>, 239 F.3d 1150 (10th Cir 2001), *cert. denied*, 122 S.Ct. 40 (10/1/02) (municipal liability case).

14. In addition to the cases previously listed, I have been involved in numerous other published and unpublished cases including:

a. <u>Culbreath v. First Tennessee Nat. Ass'n</u>, 44 S.W.3d 518 (Tenn. 2001);

b. <u>Hill v. Germantown</u>, 31 S.W.3d 234 (Tenn. 2000);

c. <u>McCracken v. Millington</u>, 1999 WL 142391 (Tenn. App. 3/17/99);

d. <u>Epps v. Lauderdale County</u>, 139 F.Supp.2d 859 (W.D. Tenn 2000); *aff'd* 45 Fed.Appx. 332 (8/13/02).

15. I have successfully handled numerous police misconduct and/or civil rights cases by either settlement of judgment, to wit:

a. <u>Brunson v. Shelby County, TN</u> - settled with Shelby County for $3,500,000.00 plus unlimited future medical expenses on a comatose police misconduct victim – excessive force/restraint asphyxia case;

b. <u>Isom/Tucker v. City of Grand Junction, TN</u> - settled for $400,000.00 – police pursuit case;

c. <u>Duke v. Gwinnett County, GA, et al.</u> - settled for $400,000.00 – excessive force/restraint asphyxia case.

d. <u>Hill v. Germantown, TN</u> - judgment for $313,000.00 – police pursuit case;

e. <u>Barton v. Independence County, AR, et al.</u> - settled $300,000.00 – excessive force case.

f. <u>Rich v. City of Savannah, TN, et al.</u> - settled $300,000.00 – excessive force/restraint asphyxia case.

g. <u>Palazola v. Memphis, TN, et al.</u> - settled $300,000.00 – excessive force case.

h. <u>Boyd v. City of Memphis, TN</u> - settled for $200,000.00 – excessive force/restraint asphyxia case;

i. <u>McCracken v. Millington, TN</u> - judgment for $196,000.00 – pursuit case;

j. <u>Epps, et al. v. Lauderdale County, TN</u>, et al. – settlement/judgment - $196,000.00 – police pursuit case;

k. <u>Finley v. Dyersburg, TN, et al.</u> - settled $175,000.00 – state created danger case;

l. <u>Brooks v. Millington, TN, et al.</u> - settled for $50,000.00 – pursuit case;

m. <u>Anderson v. City of Memphis, TN, et al.</u> - settled $20,000.00 – false arrest case;

n. <u>Taylor v. City of Brownsville</u> - settled $15,000.00 – false arrest/seizure case;

o. <u>Gater/Hendrix/Christian v. City of Brownsville</u> - settled $29,000.00 – false arrest/seizure case;

p. <u>Mims v. Holly Springs, MS</u> - settled confidential amount – pursuit case;

q. <u>Godwin, et al. v. Gulf Shores, AL, et al</u> - settled confidential amount – pursuit case;

16. I have been asked to serve as an expert witness and been qualified to serve as an expert witness in a fee dispute between attorneys with respect to the reasonableness and necessity of attorney's fees in a civil rights action. <u>Carpenter v. Scott County, Tennessee, et al.</u>

17. I appeared on the following television shows regarding the legal issues pertaining to high-speed pursuits:

    a.    Court TV "Anatomy of Crime." Originally aired on January 3, 2000, on new Court TV series on the topic of police pursuits.

    b.    MSNBC Investigates - Pursuits. Show originally aired on December 20, 2000.

    c.    Federal Law Enforcement Pursuit Symposium, FLETC, Brunswick, Georgia, aired on Federal Law Enforcement Channel, LETN and simulcast over the Internet (March 2001).

18. Based on the foregoing, I have extensive experience in police misconduct and civil rights litigation. I have handled police misconduct and civil rights cases in Tennessee, Arkansas, Mississippi, Oklahoma, Georgia and Alabama. Further, I have consulted with numerous civil rights attorneys and police departments throughout the country regarding all aspects of civil rights litigation and liability. In addition to my experience as a police misconduct/civil rights litigator, I have successfully handled, by settlement or litigation, numerous other plaintiff's cases for catastrophically injured clients in medical malpractice actions, products liability actions and automobile accidents. However, it is my opinion that properly handling civil rights cases is more demanding and complex than any type of litigation that I have handled, especially when a claim for municipal liability is asserted.

## II. BASIC FACTS OF THE CASE

19. The instant case was originally filed by Mr. Stephen Burroughs. After the case was filed, I reviewed the case at Mr. Burroughs' request and agreed to represent the Plaintiff with Mr. Burroughs. The basic facts of the case are as follows: Prior to the incident which is the subject matter of this litigation, the Plaintiff had been arrested on a number of occasions for a variety of

crimes, including felonies. On the date of the incident which is the subject matter of this litigation, Sgt. Green of the Crossville Police Department alleges that he observed the Plaintiff popping a wheelie on a motorcycle and initiated a pursuit of the Plaintiff which lasted several minutes. As the pursuit progressed, Officer Schubert joined the pursuit as the lead pursuing officer. The Plaintiff alleges that during the course of the pursuit, Officer Schubert intentionally rammed the Plaintiff's motorcycle with his police vehicle causing the Plaintiff to wreck and sustain serious injuries. While the Defendants do not deny that there was contact between Officer Schubert's vehicle and the Plaintiff's motorcycle, they contend that the contact was not intentional, but accidental. Further, the Defendants contend that the Plaintiff was operating his vehicle under the influence of drugs, and toxicology tests performed after the incident appear to indicate the presence of drugs in the Plaintiff's system. After the incident which is the subject matter of this litigation, the Plaintiff was again arrested for a variety of crimes, including felonies. At the present time, the Plaintiff is serving a six-year sentence at the West Tennessee State Penitentiary in Henning, Tennessee.

## REQUEST FOR ATTORNEY'S FEES

20.     Plaintiff's attorneys have been retained to represent the Plaintiff on a straight contingency fee basis. As the Plaintiff is incarcerated, he has no ability to pay fees or expenses in this case and has made no financial contribution to the prosecution of his case.

21.     Prior to filing this action, Mr. Burroughs made efforts to resolve this matter without litigation. The Defendants failed to make any offer in response to Mr. Burroughs' settlement demand.

22.     When I was first contacted by Mr. Burroughs about this case, I performed a detailed review of the file documents and materials. After reviewing the file materials, I performed legal research and contacted various experts to discuss the case. After I agreed to represent the Plaintiff with Mr. Burroughs, I drafted discovery requests which were served on the Defendants by Mr.

{BK Clients\18322\001\PLD\00027387.DOC}

7

Burroughs. After appearing in this action, I filed an Amended Complaint. After receiving the discovery responses from the Defendants, I performed a thorough and detailed analysis of the documents which included, but were not limited to, the policies and procedures of the Crossville Police Department, the training materials from the City of Crossville and the personnel files of the officers involved. As a result of the numerous deficiencies observed with the Defendants' discovery responses, I prepared a detailed letter pursuant to F.R.C.P. 37. After receipt of my F.R.C.P. 37 letter, the Defendants made an Offer of Judgment of $90,001.00, plus reasonable fees and costs accrued to date. This Offer of Judgment was accepted on November 8, 2006, and an Order entering Judgment against the Defendants was entered on November 9, 2006.

23. In performing my duties as Plaintiff's counsel, I kept contemporaneous time records of the time expended by me in this case. In documenting my time on this matter, I exercised reasonable billing judgment. For example, while my paralegals and law clerks performed a substantial amount of work assisting me in this matter, I am not seeking the recovery of the time they devoted to this matter. In addition, I have discussed issues regarding this case with other attorneys at my firms on a regular basis and have not sought recovery of this time. A copy of my time records for work performed prior to receipt of the Offer of Judgment is attached hereto as Exhibit A. Based on my time records, I have spent a total of 97.35 hours in this case prior to the receipt of the Offer of Judgment. This does not include any time involved in discussing the acceptance of the Offer of Judgment with co-counsel and the client or with the preparation of Plaintiff's Motion for Attorney's Fees, Costs and Expenses, Memorandum in Support of Plaintiff's Motion for Attorney's Fees, Costs and Expenses and the instant Affidavit. Through November 14, 2006, I have devoted 21.05 hours to acceptance of the Offer of Judgment and preparing the Motion for Attorney's Fees, Costs and Expense, Memorandum in Support of Motion for Attorney's Fees, Costs and Expenses and this Affidavit. My time records reflecting these hours are attached as

{BK Clients\18322\001\PLD\00027387.DOC}

Exhibit B.

24.     I am familiar with the billing rates of attorneys with my educational background and experience in civil rights litigation. My customary hourly fee in civil rights cases is $350.00 per hour and is reasonable based on my educational background and experience. I am aware of the prevailing market rate in the Middle District of Tennessee for attorneys with my educational background and experience. My knowledge of the prevailing market rate in the Middle District of Tennessee comes from serving as co-counsel in a civil rights case in the Middle District of Tennessee and conversations with attorneys from Nashville and Cookeville who have successfully handled civil rights cases. Based on my own personal knowledge and communications with attorneys from the Middle District of Tennessee, I believe my customary hourly rate of $350.00 per hour is reasonable and in line with the prevailing market rate for attorneys with my qualifications and experience. Further, awarding fees at my customary rate of $350.00 per hour will serve to ensure that plaintiffs in civil rights cases are able to attract competent counsel to serve as private attorney generals for the protection of the civil rights of the citizens of the Middle District of Tennessee and furthers the purposes of 42 U.S.C. Section 1988.

25.     In addition to the time expended in preparing this case, my office also incurred expenses in the amount of $849.63. These expenses are documented through: 1) a copy of the client's expense ledger which is attached as Exhibit C; and 2) a copy of a properly executed Bill of Costs is attached as Exhibit D. I hereby affirm that these expenses are correct, were necessarily incurred in the prosecution of this action and that services for which the fees have been charged were actually and necessarily performed. The expenses listed herein are expenses that would normally be paid by a client with the ability to pay for the services of an attorney. However, the Plaintiff is unable to provide any financial contribution to the prosecution of his case and has not paid any litigation expenses.

{BK Clients\18322\001\PLD\00027387.DOC}

9

26.     I am also familiar with the standards to be applied in the evaluation of applications

for awards of attorney's fees as discussed in <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 93 (1989), <u>Johnson</u>

<u>v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-719 (5th Cir. 1974), <u>Hamlin v. Charter</u>

<u>Township of Flint</u>, 165 F.3d 426, 436 (6th Cir. 1999), and other cases, which may be used by this

Honorable Court to make an upward or downward adjustment to the lodestar amount, to wit:

   a.    The time and labor required;
   b.    The novelty and difficulty of the questions involved;
   c.    The skill required to perform the legal services properly;
   d.    Preclusion of other employment by the attorney due to the acceptance of the case;
   e.    The customary fee;
   f.    Whether the fee is fixed or contingent;
   g.    Time limitations imposed by the client or circumstances;
   h.    The amount involved and the results obtained;
   i.    The experience, reputation and ability of the attorneys;
   j.    The undesirability of the case;
   k.    The nature and length of the professional relation with the client; and
   l.    Awards in similar cases.

27.     Based on the factors set forth in above, I submit that this is a proper case for an

upward enhancement of the lodestar amount based on the following:

In this case, the Plaintiff was seeking recovery of damages pursuant to 42 U.S.C. Section

1983 against individual officers, supervisory officers and the City of Crossville. As with all civil

rights cases, proving that individual officers, supervisory officers and the municipality are liable for

civil rights violations is extremely difficult because officers are protected by qualified immunity and

claims against a municipality are only actionable if it can be proved that a policy, practice or custom

of the municipality was the underlying cause of a plaintiff's injuries. Accordingly, attorneys

asserting these claims must carefully plead their cases and perform extensive discovery to properly

support each claim. Therefore, civil rights cases are extremely complex and require the devotion of

considerable time and effort in order to handle them properly. Further, any attorney handling a civil

rights case must do so with extreme skill given the various immunities that apply and the stringent

proof requirements for proving municipal claims. Since being involved in this case, I have spent a

{BK Clients\18322\001\PLD\00027387.DOC}

considerable amount of my time preparing to develop the proof to properly prove all claims against the Defendants which has prevented me from devoting time to many of my other cases.

Further, Plaintiff's counsel accepted this matter on a straight contingency fee, bearing all the risks of non-recovery. As in all civil rights cases, there is a substantial risk of non-recovery given the respect that the public shows towards police officers and the fact that the plaintiffs are, in most instances, involved in some sort of criminal activity and, therefore, not the most desirable clients. This factor is compelling in the instant case because the Plaintiff was actively fleeing from police on a motorcycle and allegedly had drugs in his system. Further, the Plaintiff had significant prior run-ins with the law making him a less attractive client. After this incident, the Plaintiff was arrested for additional charges and would be in the state penitentiary serving a six year sentence on unrelated charges at the time of trial. Finally, if the Defendants' theory of the case that there was accidental contact between Officer Schubert's vehicle and Plaintiff's motorcycle were to be accepted by the jury, there would be no recovery because accidental contact would not amount to a constitutional violation. Based on these facts, it is clear that there was a substantial chance of non-recovery. It should be noted that at the time that I agreed to become involved in this case, the Plaintiff was already incarcerated at the state penitentiary on unrelated charges which would make the case extremely undesirable to the average attorney.

Finally, I believe that the results obtained by this litigation are outstanding. First, the Plaintiff will recover by judgment money to compensate him for his injuries and pain and suffering. In addition, this is not simply a settlement of a claim, but a judgment against the City of Crossville, Chief Beaty, Sgt. Green and Officer Schubert. As there is a judgment against these Defendants for violating the Plaintiff's civil rights, this should serve as an impetus for change at the Crossville Police Department. If the City of Crossville refuses to change the behavior of officers of the Crossville Police Department by policy and training, this judgment will serve to aid and assist any

{BK Clients\18322\001\PLD\00027387.DOC}

11

future victims of police misconduct by the Crossville Police Department in the prosecution of their claims. Therefore, this judgment should serve as a wake-up call to the Crossville Police Department to ensure that the constitutional rights of the citizens of the City of Crossville are honored and protected.

28.     Based on the foregoing and my experience in handling police misconduct cases, I believe that this is an appropriate case to apply an upward enhancement to the lodestar amount. I am therefore requesting that this Honorable Court apply a two times multiplier to the lodestar amount based on the facts and circumstances set forth herein. Accordingly, I am requesting that this Honorable Court enter an Order awarding the Plaintiff attorney's fees for the work I have performed in obtaining a judgment against the Defendants in the amount of $68,145.00 which is calculated as follows:

$350 per hour X 97.35 hours = $34,072.50
(Lodestar Amount)

$34,072.50 X 2 = $68,145.00
(Lodestar Amount Enhanced by a Multiplier of 2)

29.     In addition, I am requesting that this Honorable Court enter an Order awarding costs and expenses of $849.63.

30.     Finally, I am requesting that this Honorable Court enter an Order awarding the Plaintiff attorney's fees for the prosecution of the instant fee petition in the amount of $7,367.50 which is calculated as follows:

$350 per hour X 21.05 (through 11/14/06) = $7,367.50

FURTHER AFFIANT SAYETH NAUGHT.

_____
Andrew C. Clarke

Sworn to and subscribed before me, the undersigned authority, Andrew C. Clarke, who after being duly sworn, testifies that the foregoing is true and accurate to the best of his information and belief.

My Commission Expires:

10-13-09

Notary Public

STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY

Exp. 10-13-09

## BOROD & KRAMER, P.C.
Attorneys

Randolph, Jason

11/21/2006
18322-001C
558347

Civil Rights Case

**07/21/2006**
ACC     TELEPHONE CONFERENCE WITH STEPHEN BURROUGHS ABOUT
POSSIBLE CIVIL RIGHTS CASE AGAINST CROSSVILLE AND
OFFICERS; RESEARCH AND TRANSMISSION OF DOCUMENTS IN
HARRIS v. COWETA COUNTY; REVIEW COMPLAINTS AND
ANSWERS; ETC       1.75

**07/24/2006**
ACC     REVIEWED OF VIDEO TAPES; TELEPHONE CONFERENCE WITH
GEOFFREY ALPERT; TELEPHONE CONFERENCE WITH GARY
ROBINETTE; TELEPHONE CONFERENCE WITH STEPHEN
BURROUGHS.       3.75

**07/29/2006**
ACC     TELEPHONE CONFERENCE WITH GEOFFREY ALPERT REGARDING
THE REVIEW OF THE VIDEOTAPES OF PURSUIT       0.50

**08/04/2006**
ACC     TELEPHONE CONFERENCE WITH STEPHEN BURROUGHS;
SUBMISSION OF SAMPLE REPORT OF PARTIES PLANNING
MEETING; RULE 26(a) DISCLOSURES; TELEPHONE CONVERSATION
WITH CLERK OF MIDDLE DISTRICT RE: ADMISSION; PREPARATION
OF AFFIDAVIT PRO HAC VICE       1.75

**08/07/2006**
ACC     PREPARATION OF DISCOVERY REQUEST TO CROSSVILLE AND
INDIVIDUAL DEFENDANTS; TELEPHONE CONVERSATION WITH
ROBERT WATSON; TELEPHONE CONFERENCE WITH STEPHEN
BURROUGHS AND PREPARATION OF PLAINTIFF'S RULE 26(a)
DISCLOSURES AND REPORT OF THE PARTIES PLANNING MEETING       3.25

**08/08/2006**
ACC     TELEPHONE CONFERENCE WITH STEPHEN BURROUGHS AND
REVIEW OF UPDATED RULE 26(a)
DISCLOSURES AND REPORT OF THE PARTIES PLANNING MEETING;
TELEPHONE CONVERSATION WITH ALLMAN, CLINT KELLY ND BILL
LEADER REGARDING THE LOCAL RULES OF PRACTICE FOR THE
MIDDLE DISTRICT; REVIEW OF LOCAL RULES OF PRACTICE;       1.50

08/10/2006
ACC     TELEPHONE CONFERENCE WITH STEPHEN BURROUGHS RE:
        REPORT OF PARTIES PLANNING MEETING; TELEPHONE
        CONFERENCE WITH ROBERT WATSON RE: REPORT OF THE
        PARTIES PLANNING MEETING; REVIEW OF LOCAL RULES; REVIEW
        OF RULES OF ECHOLS/GRIFFIN; PREPARATION OF APPLICATION
        FOR ADMISSION; LETTER TO CLERK WITH APPLICATION FOR
        ADMISSION; TELEPHONE CONVERSATION WITH CLERK RE:
        APPLICATION FOR ADMISSION.                                    3.25

08/11/2006
ACC     REVIEW OF DEFENDANTS' PROPOSED CASE MANAGEMENT
        ORDER; E-MAIL TO ROBERT WATSON; E-MAIL TO STEPHEN
        BURROUGHS; TELEPHONE CONFERENCE WILL ALL COUNSEL RE:
        CASE MANAGEMENT ORDER; TELEPHONE CONFERENCE WITH
        STEPHEN BURROUGHS ABOUT MEETING ON 8/14/06 AND CRIMINAL
        RECORD OF CLIENT.                                             4.75

08/14/2006
ACC     TRAVEL TO NASHVILLE (3 HRS); CASE MANAGEMENT
        CONFERENCE AND ADMISSION TO MIDDLE SECTION (1.75 HRS);
        TRAVEL TO MEMPHIS (3 HRS)                                     7.75

08/16/2006
ACC     REVIEW OF DOCUMENTS IN HOWSER v. CROSSVILLE; TELEPHONE
        CONFERENCE WITH GARY ROBINETTE; SETTING UP ELECTRONIC
        FILING; FILING OF NOTICE OF APPEARANCE; E-MAIL DISCUSSIONS
        WITH STEPHEN BURROUGHS                                        4.25

08/17/2006
ACC     REVIEW OF CASE MANAGEMENT ORDER; ORDER AND NOTICE        0.25

08/18/2006
ACC     REVIEW OF COMPLAINT; RESEARCH OF STATE LAW SEIZURE;
        REVIEW OF VIDEOTAPE (NUMEROUS TIMES); CREATION OF
        VIDEOTAPES TRANSCRIPT; DRAFT OF AMENDED COMPLAINT            7.25

08/21/2006
ACC     FINAL PREPARATION OF AMENDED COMPLAINT; SENT TO
        WATSON/RADER                                                 1.25

08/22/2006
ACC     TELEPHONE CONFERENCE WITH RADER; E-MAILS TO
        RADER/WATSON RE: CONSENT TO FILING OF AMENDED
        COMPLAINT; E-MAIL WITH STEPHEN BURROUGHS RE: FILING OF
        AMENDED COMPLAINT; FILING OF MOTION TO AMEND COMPLAINT.      1.00

08/23/2006
ACC     TELEPHONE CONFERENCE WITH STEPHEN BURROUGHS
        REGARDING MEETING CLIENT, AMENDED COMPLAINT AND
        DISCOVERY ISSUES;                                            1.25

08/24/2006
ACC     TELEPHONE CONFERENCE WITH STEPHEN BURROUGHS
        CONCERNING FEE AGREEMENT AND OFFER OF JUDGEMENT;

|  |  | TELEPHONE CONFERENCE WITH VICKY RANDOLPH ABOUT CASE AND SON; E-MAIL TO STEPHEN BURROUGHS AND VICKY RANDOLPH ABOUT CASE AND OFFER OF JUDGEMENT | 2.40 |

**08/25/2006**
ACC — TELEPHONE CONFERENCE WITH VICKY RANDOLPH AND JASON RANDOLPH; E-MAILS TO VICKY RANDOLPH; REVIEW OF CRIMINAL RECORD OF CLIENT; REVIEW OF VIDEOTAPE — 3.25

**08/28/2006**
ACC — REVIEW OF E-MAILS FROM STEPHEN BURROUGHS REGARDING CRIMINAL RECORD OF CLIENT; REVIEW OF TBI CRIMINAL HISTORY RECORD OF CLIENT. — 0.75

**09/07/2006**
ACC — REVIEW OF E-MAILS AND E-MAILS TO STEPHEN BURROUGHS CONCERNING DISCOVERY ISSUES — 0.25

**09/11/2006**
ACC — TELEPHONE CONFERENCE WITH DAN RADER RE: DISCOVERY REQUEST; REVIEW OF AMENDED COMPLAINT AND ANSWER TO AMENDED COMPLAINT AND ANSWER TO AMENDED COMPLAINT BY GREEN & SCHUBERT — 1.00

**09/14/2006**
ACC — TELEPHONE CONFERENCE WITH DAN RADER'S OFFICE; RESEARCH, PREPARATION, DRAFTING AND FILING OF PLAINTIFF'S MOTION TO EXCEED NUMBER OF INTERROGATORIES — 3.00

**09/25/2006**
ACC — REVIEW OF LETTER FROM DAN RADER — 0.10

**10/02/2006**
ACC — REVIEW OF RULE 26(a) DISCLOSURES; ANSWER TO AMENDED COMPLAINT BY CITY OF CROSSVILLE; NOTICE OF FILING; RESPONSE TO MOTION TO SUBMIT OVER 25 INTERROGATORIES; LETTER FROM OPPOSING COUNSEL. — 2.75

**10/05/2006**
ACC — LETTER TO DEFENDANTS' COUNSEL RE: PRODUCTION OF DOCUMENTS CONTAINED IN RULE 26 DISCLOSURES AND SCHEDULING THE DEPOSITION OF MR. RANDOLPH. — 0.10
ACC — EMAIL TO STEVEN BURROUGHS ABOUT CRIMINAL RECORD AND DEPOSITIONS — 0.10
ACC — LEGAL RESEARCH RE: TAKING DEPOSITION OF CLIENT IN PRISON — 0.50

**10/06/2006**
ACC — REVIEWED E-MAIL FROM STEPHEN BURROUGHS REGARDING CRIMINAL HISTORY OF CLIENT; REVIEWED CLIENT'S CRIMINAL RECORD; RESPONDED TO E-MAIL FROM STEPHEN BURROUGHS — 1.10

**10/09/2006**
ACC — FILED AND PREPARED NOTICE OF CHANGE OF ADDRESS OF ANDREW C. CLARKE — 0.20
ACC — TELEPHONE CONFERENCE WITH WTSP RE: DEPOSITION OF

CLIENT; E-MAIL TO DEFENDANTS COUNSEL REGARDING
DEPOSITION AND DISCOVERY RESPONSES; MEETING WITH ALH
RE: SCHEDULING MEETING WITH CLIENT.                                     1.20

10/10/2006
    ACC    REVIEWED ORDER TO THE TRIAL COURT GRANTING MOTION FOR
LEAVE TO FILE IN EXCESS OF 25 INTERROGATORIES; REVIEWED
INTERROGATORIES BASED ON LANGUAGE OF ORDER                             0.75

10/13/2006
    ACC    RECEIVED AND REVIEWED NOTICE OF FILING OF DISCOVERY
RESPONSES                                                              0.20

10/16/2006
    ACC    RECEIVED AND REVIEWED PRELIMINARILY RESPONSES OF GREEN
AND SCHUBERT TO DISCOVERY                                              1.80

10/17/2006
    ACC    RECEIVED AND REVIEWED PRELIMINARILY RESPONSES OF
CROSSVILLE TO FIRST DISCOVERY REQUESTS AND TELEPHONE
CONFERENCE WITH DAN RADER                                              2.00

10/18/2006
    ACC    PREPARATION OF VIDEOTAPE OF PATROL CARS FOR USE ON
COMPUTER FOR DEPOSITIONS AND FOR VIEWING AN INPUT BY
ALL EMPLOYEES                                                          1.25

10/23/2006
    ACC    RECEIVED AND REVIEWED MOTION RE: DEPOSITION OF
PLAINTIFF; DOCUMENTS PRODUCED IN DISCOVERY BY CITY OF
CROSSVILLE; RECEIVED AND REVIEWED SUBPOENAS AND
LETTERS RE: DEPOSITIONS OF MEDICAL CUSTODIANS AND WTSP;
PREPARED LETTER TO DAN RADER CONCERNING DEPOSITIONS
AND RECORDS REQUESTS.                                                  3.20

10/24/2006
    ACC    RECEIVED AND REVIEWED LETTER FROM RADER RE:
DEPOSITIONS; CURSORY REVIEW OF CROSSVILLE DISCOVERY
RESPONSES; TC WITH STEPHEN BURROUGHS                                   0.50
    ACC    REVIEWED MEDICAL RECORDS FROM CUMBERLAND HOSPITAL, UT
HOSPITAL, AIR EVAC; TOXICOLOGY TESTS PRODUCED BY
DEFENDANTS; GENERAL ORDERS; CONTACTED MR. RADER'S
OFFICE TO REQUEST COLOR COPIES OF THE ACCIDENT SCENE
AND WEEKS 7 & 8 OF FIELD TRAINING DOCUMENTS;  WILL MAKE
FINAL REVIEW AND PREPARE REPORT OF ALL DOCUMENTS SET
PRODUCED AND DISCOVERY RESPONSES.                                      6.20

10/25/2006
    ACC    REVIEWED IN DETAIL ALL OF SCHUBERTS/GREEN DISCOVERY
RESPONSES AND DOCUMENTS; TELEPHONE CALL TO WATSON;
REVIEW OF MEDICAL RECORDS FOR CONSENT FORMS;
DISCUSSION WITH ALH ABOUT SUBPOENAS FOR TBI; CCSD;
PREPARATION OF DEPOSITION NOTES AND LIST OF DOCUMENTS
TO REQUEST                                                            9.25

| Date | | Description | Hours |
|---|---|---|---|
| 10/26/2006 | ACC | REVIEWED ALL POLICIES OF THE CPD;  TOOK EXTENSIVE NOTES; PREPARED AND ISSUED SUBPOENAS TO TBI, POST, TLETA, CCSD; DRAFTED LETTER TO RADER/WATSON RE: DEFICIENCIES IN DISCOVERY RESPONSES. | 10.20 |
| 10/27/2006 | ACC | LETTER PURSUANT TO FRCP 37 RE: DISCOVERY RESPONSES; DEPOSITIONS DATES AND 10 CODES | 0.80 |
| 10/30/2006 | ACC | TELEPHONE CALL WITH STEPHEN BURROUGHS; TC WITH DAN RADER'S OFFICE; REVIEW OF LETTER FROM DAN RADER | 0.40 |
| 10/31/2006 | ACC | EMAILS DRAFTED AND READ BETWEEN ACC AND RADER REGARDING SCHEDULING DEPOSITION AND POSSIBLE RESOLUTION OF THE CASE | 0.30 |
| | ACC | TELEPHONE CONFERENCE WITH STEPHEN BURROUGHS REGARDING OFFER OF JUDGMENT, SETTLEMENT AND CONVERSATIONS WITH RADER/WATSON. | 0.30 |

97.35        34,072.50

34,072.50

$34,072.50

# BOROD & KRAMER, P.C.
Attorneys

Randolph, Jason

Civil Rights Case

**11/01/2006**
ACC    TELEPHONE CONFERENCE WITH BILL LEADER; ANDY ALLMAN;
JAMES MONTGOMERY; CYNTHIA WILSON ABOUT OFFER OF
JUDGMENT AND PETITIONS FOR ATTORNEY FEES; RESEARCH ON
OFFERS OF JUDGMENT AND ATTORNEYS FEES; RESEARCH ON
RECOVERY OF ATTORNEYS' FEES PURSUANT TO 1988.      4.40

**11/02/2006**
ACC    PREPARATION OF AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES;
E-MAILS WITH SB REGARDING ACCEPTANCE OF OFFER OF
JUDGMENT; LEGAL RESEARCH ON RECOVERY OF ATTORNEY'S
FEES UNDER 42 USC SECTION 1988.      6.25

**11/03/2006**
ACC    REVIEWED DRAFT AFFIDAVIT; CHANGES TO AFFIDAVIT; TC WITH
ANDY ALLMAN      1.25

**11/06/2006**
ACC    PREPARATION OF MOTION FOR ATTORNEYS FEES/COSTS;
MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES;
FINAL DRAFT OF AFFIDAVIT OF ANDREW C. CLARKE; TELEPHONE
CONVERSATION WITH ANDY ALLMAN ABOUT FILING AN AFFIDAVIT
IN SUPPORT OF MOTION FOR ATTORNEYS' FEE; E-MAILS TO ANDY
ALLMAN; CYNTHIA WILSON AND BILL LEADER      4.80

**11/07/2006**
ACC    TELEPHONE CONFERENCES WITH ROBERT WATSON (3) ABOUT
OFFER OF JUDGMENT AND SETTLEMENT; REVIEW AND CHANGES
TO AFFIDAVIT, PETITION FOR ATTORNEYS FEES, MEMORANDUM IN
SUPPORT OF PETITION FOR ATTORNEY FEES, NOTICE OF
ACCEPTANCE OF OFFER OF JUDGMENT; PROOF OF SERVICE;
FILING OF OFFER OF JUDGMENT AND REQUEST FOR ENTRY OF
JUDGMENT; TELEPHONE CONFERENCE WITH DANYA FEINSTEIN;
TELEPHONE CONFERENCES WITH STEPHEN BURROUGHS (3) RE:
SETTLEMENT OFFER AND OFFER OF JUDGMENT; ATTEMPTS TO
CONTACT CLIENT RE: OFFER.      2.40

**11/08/2006**
ACC    FINALIZED NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT;

EXHIBIT B

|  | | | |
|---|---|---|---|
| | PROOF OF SERVICE; NOTICE OF FILING OF OFFER OF JUDGMENT AND FILING OF THE SAME; RESPONSE TO E-MAIL FROM ROBERT WATSON | 0.30 | |
| 11/09/2006 ACC | REVIEWED ORDER ENTERING JUDGMENT | 0.25 | |
| 11/10/2006 ACC | REVIEWED AFFIDAVIT OF STEPHEN BURROUGHS AND MADE SUGGESTIONS FOR CHANGES | 0.50 | |
| 11/14/2006 ACC | FINALIZED AFFIDAVIT OF ANDREW C. CLARKE FOR SUBMISSION TO REVIEWING ATTORNEYS WITH DRAFT OF PETITION FOR ATTORNEYS' FEES, MEMORANDUM IN SUPPORT OF PETITION FOR ATTORNEY'S FEES; TIME SHEETS OF ACC AND STEVE BURROUGHS; BILLS OF COSTS FOR ACC AND STEPHEN BURROUGHS. | 0.90 | |
| 11/15/2006 ACC | LETTER TO DAN RADER/ROBERT WATSON RE: BILL OF COSTS; E-MAIL TO DAN RADER/ROBERT WATSON ENCLOSING BILL OF COSTS | 0.20 | |
| | | 21.25 | 7,437.50 |
| | | | 7,437.50 |
| | | | $7,437.50 |

# JASON RANDOLPH
## V.
## SCHUBERT, GREEN, BEATY & CITY OF CROSSVILLE

### EXPENSE SHEET

| Date | Expense | Check # | Amount |
|------|---------|---------|--------|
| 8/4/04 | BCB courier – pickup Certificate of Good Standing - (Roundtrip $15.00 each way) | | $30.00 |
| 8/4/06 | USDC Western Section – Certificate of Good Standing | 18210 | $15.00 |
| 8/14/06 | USDC Middle Section – Admission Fee | 18231 | $200.00 |
| 9/12/06 | Federal Express Fees | 18309 | $16.40 |
| 11/7/06 | TBI – copy charges | 10937 | $4.20 |
| 11/14/06 | Copy Charges through 11/14/06 | | $555.75 |
| 11/14/06 | Postage Charges through 11/14/06 | | $28.28 |
| | | TOTAL | $849.63 |

CLIENTS LEDGER

J. Randolph

| DATE | NAME / MEMO | TRUST FUNDS RECEIVED | DISBURSED | COSTS RECOVERED | COSTS ADVANCED | DATE BILLED | CK. REC. CASE NO. | COSTS ADVANCED BALANCE |
|---|---|---|---|---|---|---|---|---|
| 8/4 | BCB Copies | | | | 30.00 | 1 | | 30.00 |
| 8/4 | USDC - Admission Fee M D-TN | | | | 200.00 | 2 | 12-3-1 | 230.00 |
| 8/12 | BCBA - August Charges | | | | 16.40 | 3 | 12-x-07 | 246.40 |
| 8/4 400.27 | Clerk: Certificate Good Standing | | | | 15.00 | 4 | 18-210 | 261.40 |
| | | | | | 4.20 | 5 | | 265.60 |
| 11/14 | Tennessee Board Inv - Copies | | | | 555.75 | 6 | 1937 | 821.35 |
| 11/14 | BCB Copies   10cc · 11cc | | | | 24.28 | 7 | | 845.63 |
| 11/14 | Postage   10cc · 11cc | | | | | | | |

SAFEGUARD   FORM NO. CL4

ORDER FROM YOUR SAFEGUARD DISTRIBUTOR
IF UNKNOWN, CALL 800-523-2422

# UNITED STATES DISTRICT COURT

<u>Middle</u>     District of     <u>Tennessee</u>

Jason Russell Randolph

**V.**

Ronnie Dale Schubert, Gary Green
David E. Beaty, City of
Crossville, Tennessee

## BILL OF COSTS

Case Number: 2:06-0050

Consolidate with No. 2:06-0058

Judgment having been entered in the above entitled action on <u>11/9/06</u> against <u>All Defendants</u>
Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk   (Admission Fee of Andrew C. Clarke) | $ 200.00 |
| Fees for service of summons and subpoena ................................................ | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | |
| Fees and disbursements for printing .................................................... | |
| Fees for witnesses (itemize on reverse side) ........................................... | |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ............ | |
| Docket fees under 28 U.S.C. 1923 ...................................................... | |
| Costs as shown on Mandate of Court of Appeals ........................................ | |
| Compensation of court-appointed experts ............................................... | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs (please itemize) ........................................................ | 649.63 |
| (documentation attached hereto)      **TOTAL** | $ 849.63 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was mailed today with postage prepaid to: <u>Robert Watson & Daniel Rader</u>.

Signature of Attorney: _Andrew C. Clarke_

Name of Attorney: <u>Andrew C. Clarke</u>

Costs to be presented to Clerk for taxation on (no sooner than 5 days from service): 11/27/06 at 12:00 a.m./p.m.

For: <u>Jason Russell Randolph</u>      Date: <u>11/15/06</u>
Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

| | By: | |
|---|---|---|
| Clerk of Court | Deputy Clerk | Date |

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | | |
| | | | | | | | | |
| | | | | | | TOTAL | | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

## CERTIFICATE OF SERVICE

I, Andrew C. Clarke, do hereby certify that a true and correct copy of the Bill of Costs executed by Andrew C. Clarke and the Bill of Cost executed by Stephen A. Burroughs has been served upon the following persons by e-mail and placing the same in the U.S. Mail, postage prepaid:

Daniel H. Rader, III
P.O. Box 3347
Cookeville, Tennessee 38502

Robert H. Watson, Jr.
P.O. Box 131
Knoxville, Tennessee 37901-0131

Stephen A. Burroughs
1750 Riverview Tower
900 South Gay Street
Knoxville, Tennessee 37902

This the 15th day of November, 2006.

_____
Andrew C. Clarke

JASON RANDOLPH
V.
SCHUBERT, GREEN, BEATY & CITY OF CROSSVILLE

EXPENSE SHEET

| Date | Expense | Check # | Amount |
|------|---------|---------|--------|
| 8/4/04 | BCB courier – pickup Certificate of Good Standing - (Roundtrip $15.00 each way) | | $30.00 |
| 8/4/06 | USDC Western Section – Certificate of Good Standing | 18210 | $15.00 |
| 8/14/06 | USDC Middle Section – Admission Fee | 18231 | $200.00 |
| 9/12/06 | Federal Express Fees | 18309 | $16.40 |
| 11/7/06 | TBI – copy charges | 10937 | $4.20 |
| 11/14/06 | Copy Charges through 11/14/06 | | $555.75 |
| 11/14/06 | Postage Charges through 11/14/06 | | $28.28 |
| | | TOTAL | $849.63 |

**BAILEY, CLARKE & BENFIELD COURIERS**
**TELEPHONE: 680-9777**

DATE: _8/4/06_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CASE: _RANDOLPH V. SCHUBERT_     DOCKET:_____

COURT:  ( ) CIRCUIT    ( ) CHANCERY    ( ) PROBATE    ( ) GENERAL SESSIONS
(X) _FEDERAL_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

( )     PLEADING NAME: _____

_____

( ) FILE ORIGINAL        ( ) RETURN _____ STAMPED FILED COPIES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

( )     COMPLAINT      CASE TYPE:   ( ) AUTO   ( ) WORKERS' COMP   ( ) PI
                                    ( ) MEDICAL MAL   ( ) OTHER:_____

JURY DEMANDED: YES  NO          NO. OF DEFENDANTS:_____

NO. DEFENDANTS LOCAL:_____      NO. DEFENDANTS O/T: _____

( ) FILE ORIGINAL AND _____ COPIES

( ) RETURN _____ STAMPED FILED COPIES

( ) CHECK FOR $_____ ATTACHED.

( ) OTHER CHECKS ATTACHED:_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

( )     SERVICE OF PROCESS    ( ) SHERIFF          ( ) COMMISS. OF INS.
                              ( ) PRIVATE PROCESS   ( ) SEC. STATE

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

( )     MOTION     NAME: _____

( ) FILE ORIGINAL        ( ) RETURN _____ STAMPED FILED COPIES

OPPOSING COUNSEL: _____

_____

( ) SET MOTION: FRIDAY _____ AT 9:00 A.M.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

( )     HAND-DELIVERY:_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

X  OTHER: _PICK UP CERTIFICATE OF GOOD_
_STANDING — $15.00 — RETURN — $15.00_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Receipt:



| Intake Clerk: | Receipt Number: | Receipt Date: |
|---|---|---|
| chris | M102840 | 08/04/2006 |

# United States District Court
## Western District of Tennessee

Western Division-Memphis
167 N. Main, Room 242
Memphis, TN 38103
(901) 495 - 1200

Eastern Division-Jackson
Room 262, 111 South Avenue
Jackson, TN 38301
(731) 421-9200

**Received From:**

BAILEY CLARKE.

| | |
|---|---|
| Cash: | |
| Check: | $15.00 |
| Credit: | |
| Total Amount | $15.00 |
| Total Amount Paid: | $15.00 |
| Change: | $.00 |

Check Number: 18210

### Receipt Details

1    Certificate of Good Standing

ANDREW CLARKE

Amount Owed:      $15.00

Total Lines: 1         **Total Amount:**    **$15.00**

Bailey, Clarke & ...field Attorneys at Law                                          **18210**

Fe...    Court Clerk                                        8/4/2006              15.00

*Randolph*

checking          Certificate of Good Standing ACC                              15.00

ley, Clarke & Benfield Attorneys at Law

18231

USDC — 200.00/100

Randolph v Crossville

8/14/06

Dropped off: Aug 07, 2006  Cust. Ref: NO REFERENCE INFORMATION  Ref #2:
Payer: Shipper  Ref #3:

- Fuel Surcharge - FedEx has applied a fuel surcharge of 16.00% to this shipment.
- Distance Based Pricing, Zone 4
- Package Delivered to Recipient Address - Release Authorized

| USAB | | Sender | Recipient | |
| --- | --- | --- | --- | --- |
| Tracking ID | 856799557296 | M BENFIELD | J BENFIELD | |
| Service Type | FedEx Priority Overnight | BAILEY ,CLARKE & BENFIELD | 204 ALLEN SPRINGS RD | |
| Package Type | FedEx Envelope | 6256 POPLAR AVE | HORSE SHOE NC 28742 US | |
| Zone | 04 | MEMPHIS TN 38119-4713 US | | |
| Packages | 1 | | | |
| Rated Weight | N/A | Transportation Charge | | 17.90 |
| Delivered | Aug 08, 2006  16:30 | Discount | | -3.76 |
| Svc Area | PM | Residential Delivery | | 2.10 |
| Signed By | 9999999999999 | Fuel Surcharge | | 2.26 |
| FedEx Use | 022000306/0000208/02 | Delivery Area Surcharge | | 2.10 |
| | | Total Charge | USD | $20.60 |

Dropped off: Aug 09, 2006  Cust. Ref: NO REFERENCE INFORMATION  Ref #2:
Payer: Shipper  Ref #3:

- Fuel Surcharge - FedEx has applied a fuel surcharge of 16.00% to this shipment.
- Distance Based Pricing, Zone 4
- Package sent from: 38118 zip code
- Shipment delivered to address other than recipient's.

*Randolph*

| USAB | | Sender | Recipient | |
| --- | --- | --- | --- | --- |
| Tracking ID | 856799557491 | ANDY CLARKE | STEPHEN BURROUGHS | |
| Service Type | FedEx Priority Overnight | BAILEY ,CLARKE & BENFIELD | 900 SOUTH GAY ST 1750 RIVERVIE | |
| Package Type | FedEx Envelope | 6256 POPLAR AVE | KNOXVILLE TN 37902 US | |
| Zone | 04 | MEMPHIS TN 38119-4713 US | | |
| Packages | 1 | | | |
| Rated Weight | N/A | | | |
| Delivered | Aug 10, 2006  09:13 | Transportation Charge | | 17.90 |
| Svc Area | A1 | Fuel Surcharge | | 2.26 |
| Signed By | M.HARDT | Discount | | -3.76 |
| FedEx Use | 022120124/0000208/04 | Total Charge | USD | $16.40 |

Dropped off: Aug 10, 2006  Cust. Ref: NO REFERENCE INFORMATION  Ref #2:
Payer: Shipper  Ref #3:

- Fuel Surcharge - FedEx has applied a fuel surcharge of 16.00% to this shipment.
- Distance Based Pricing, Zone 4
- FedEx has audited this shipment for correct packages, weight, and service. Any changes made are reflected in the invoice amount.
- Package Delivered to Recipient Address - Release Authorized

| USAB | | Sender | Recipient | |
| --- | --- | --- | --- | --- |
| Tracking ID | 856799557300 | ALICIA HAYMON | JOHN ROBERSON | |
| Service Type | FedEx Standard Overnight | BAILEY ,CLARKE & BENFIELD | - | |
| Package Type | FedEx Pak | 6256 POPLAR AVE | 246 OUTBACK RIDGE TRL | |
| Zone | 04 | MEMPHIS TN 38119-4713 US | JASPER GA 30143 US | |
| Packages | 1 | | | |
| Rated Weight | 1.0 lbs, 0.5 kgs | Transportation Charge | | 22.80 |
| Delivered | Aug 14, 2006  13:07 | Residential Delivery | | 2.10 |
| Svc Area | AM | Delivery Area Surcharge | | 2.10 |
| Signed By | 9999999999999 | Discount | | -3.42 |
| FedEx Use | 022400413/0001327/02 | Fuel Surcharge | | 3.10 |
| | | Total Charge | USD | $26.68 |

| | | Shipper Subtotal | USD | $131.25 |
| --- | --- | --- | --- | --- |

# PAID

CK. NO. _18309_
DATE _9-12-06_




# TENNESSEE BUREAU OF INVESTIGATION
901 R.S. Gass Boulevard
Nashville, Tennessee 37216-2639
(615) 744-4000
Facsimile (615) 744-4500
TDD (615) 744-4001

**PHIL BREDESEN**
GOVERNOR

**MARK GWYN**
DIRECTOR

Prepared for:  Andrew C. Clarke
                    Attorney at Law
                    Borod & Kramer, P.C.
                    80 Monroe Avenue, Suite G1
                    Memphis, Tennessee 38103


**INVOICE:**

For: 21 pages copied

Re: Jason Russell Randolph
      TBI Lab case number: 051008990

      21 pages @ .20 per page = $4.20


**Make check payable to: Tennessee Bureau of Investigation**

\# 10937
11/7/06

**BOROD & KRAMER, P.C.**

**10937**

| DATE | DESCRIPTION | INVOICE # | AMOUNT | CHECK DEDUCTION | NET AMOUNT |
|------|-------------|-----------|--------|-----------------|------------|
| 648 Tennessee Bureau of Investigations | | | | | |
| 11/07/06 | lab case number 051008990 | | 4.20 | | 4.20 |

| CHECK DATE | CONTROL NUMBER | | | | | |
|------------|----------------|--|--|--|--|--|
| 11/07/06 | 10937 | TOTALS ▶ | Gross: | 4.20 | Ded: 0.00 | Net: 4.20 |

JASON RANDOLPH
V.
SCHUBERT, GREEN, BEATY & CITY OF CROSSVILLE

COPY EXPENSES
@ .25 per copy

| Date | Number of Copies | Cost |
|------|------------------|------|
| 10/17/06 | 362 | $90.50 |
| 10/23/06 | 50 | $12.50 |
| 10/24/06 | 1,692 | $423.00 |
| 10/26/06 | 48 | $12.00 |
| 10/27/06 | 15 | $3.75 |
| 11/8/06 | 56 | $14.00 |
| TOTAL | 2,223 | $555.75 |

| DATE | CLIENT MATTER | NUMBER OF COPIES | |
|---|---|---|---|
| ''-11 | SINN | 14 | |
| ''-12 | SULLIVAN | 3 | |
| ''-13 | CLEAVES | | |
| 10-13 | FORTNER | 3 | |
| | BURKE | 2 | |
| ''-'' | MCGOFF | 2 | |
| ''-16 | SULLIVAN | 3 | |
| ''-17 | RANDOLPH | 157, 16×4, 141 | $90.50 |
| 10-18 | BROWN CEDRIC | 3 | |
| | COCHRAN | 2 | |
| 10-19 | ARGULI | 3 | |
| 10-20 | PACK | 2 | |
| 10-23 | | 3?? 14 | |
| | RANDOLPH | 50 | $12.50 |
| 10-24 | RANDOLPH | 1,692 | $423.00 |
| 10-26 | RANDOLPH | 36 | $12.00 |
| 10-27 | RANDOLPH | 15 | $3.75 |
| 10-31 | SINN | 56×3 | |
| 11-8 | | ?. ?5 .. 20 | |
| | RANDOLPH | 56 | $14.00 |
| 11-13-06 | BURKE | 311 | |
| | FERGUSON | 2 | |
| | MCGOFF | 2 | |
| | SINN | 2 | |
| | | | |
| | | TOTAL: $555.75 | |

# JASON RANDOLPH
## V.
## SCHUBERT, GREEN, BEATY & CITY OF CROSSVILLE

### POSTAGE EXPENSES

| Date | | Cost |
|---|---|---|
| 10/26/06 | 3 times $0.87 & 4 times $4.64 | $21.17 |
| 10/27/06 | 3 times $0.39 | $1.17 |
| 11/3/06 | 3 times $0.39 | $1.17 |
| 11/8/06 | 3 times $1.59 | $4.77 |
| TOTAL | | $28.28 |



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here

10-26-06

Sent To TLETA
Street, Apt. No.; or PO Box No. 3025 LEBANON ROAD
City, State, ZIP+4 NASHVILLE, TN 37214

PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0001 8982 2619

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here

10-26-06

Sent To TBI
Street, Apt. No.; or PO Box No. 901 R.S. GASS BLVD
City, State, ZIP+4 NASHVILLE, TN 37216

PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0001 8982 2602

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here

10-26-06

Sent To Cumberland Co. Sheriff's Dept
Street, Apt. No.; or PO Box No. 90 Justice Center Dr.
City, State, ZIP+4 Crossville TN 38555

PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0001 8982 2626

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here

Sent To STATE OF TN P.O.S.T. COMMISSION
Street, Apt. No.; or PO Box No. 302.5 LEBANON ROAD
City, State, ZIP+4 NASHVILLE TN 37214

PS Form 3800, June 2002    See Reverse for Instructions

7005 0390 0001 8982 2596

# POSTAGE

| DATE | CLIENT MATTER | QUANTITY | AMOUNT | |
|---|---|---|---|---|
| 10-20-06 | TP | 4 | .39 | |
| 10-20-06 | PAIR | 1 | .39 | |
| 10-20-06 | TP | 1 | .39 | |
| 10-23-06 | CLEAVES | 1 | .39 | |
| 10-20-06 | RANDOLPH | 3 | .87 | 2.61 |
| '' | '' | 4 | 4.64 | 18.56 |
| | BROWN, TOYOTA | 2 | .37 | |
| 10-27-06 | RANDOLPH | 3 | .39 | 1.17 |
| | HAMILTON, C | 1 | .39 | |
| 10-30-06 | TP | 2 | .39 | |
| 10-31-06 | SINN | 2 | 2.55 | |
| 10-31-06 | HAMILTON, C | 1 | 4.05 | |
| | ARCURI | 1 | .39 | |
| 10-31-06 | TP | 18 | .39 | |
| '' '' 06 | Ch./dues | 3 | .39 | |
| 11-1-06 | Friedm | 4 | .39 | |
| | | | | |
| 11-2-06 | TP | 194 | 1.35 | |
| 11-2-06 | TP/Argentina | 20 | 6.00 | |
| 11-2-06 | TP/Colombia | 28 | 6.00 | |
| | TP/Russia | 2 | 6.00 | |
| | TP/Chile | 2 | 6.00 | |
| | TP/Italy | 1 | 4.10 | |
| | TP/Canada | 1 | 2.85 | |
| | TP/Mexico | 1 | 5.15 | |
| | TP/Ireland | 1 | 4.10 | |
| | ICA | 1 | .39 | |
| | TP | 1 | .28 | |
| 11-3-06 | RANDOLPH | 3 | .39 | 1.17 |
| 11-3-06 | TP | 33. | .39 | |
| 11-3-06 | TP | 1 | 6.00 | |
| 11-3-06 | Baxton | 2 | .87 | |
| 11-3-06 | TP | 12 | .39 | |
| 11-6-06 | TP | 506 | 1.35 | |
| | TP/Chile | 13 | 6.00 | |
| | TP/Argentina | 36 | 6.00 | |
| | TP/Colombia | 35 | 6.00 | |
| | TP/Venezuela | 2 | 6.00 | |
| | TP/Bolivia | 2 | 6.00 | |
| | TP/Russia | 1 | 6.00 | |
| | TP/Uruguay | 2 | 6.00 | |
| | TP/New Zealand | 2 | 4.25 | |
| | TP/Ecuador | 1 | 6.00 | |
| 11-6-06 | RATCHFORD | 2 | .39 | |

{L:\WDOX\BKFirm\forms\misc\00013101.DOC}

| DATE | CLIENT MATTER | QUANTITY | AMOUNT |
|---|---|---|---|
| | | | |
| 11-06 | Riding Kent | 3 | bill |
| | | $1 | .00 |
| 4-8-06 | Jennifer Porter | 1 | 5.00 |
| " | | 1 | .39 |
| 11-8-06 | BURKE | 2 | .39 |
| | RANDOLPH | 3 | 1.59 |
| | | | |
| 11-9-06 | TP | 124 | 1.35 |
| | TP/Argentina | | 600 |
| | TP/Colombia | 123 | 600 |
| | Carcciar | 1 | .39 |
| 11-10-06 | | | |
| | | 30 | .00 |
| | TP/Canada | 2 | 2.85 |
| | TP/Russia | 0 | 600 |
| | TP/Venezuela | 5 | 600 |
| | TP/Australia | 1 | 4.25 |
| | TP/Hungary | 1 | 600 |
| | TP/France | 1 | 4.10 |
| | TP/Latvia | 1 | 600 |
| | Luxemburg | 1 | 600 |
| | New Mexico | 1 | 600 |
| | TP | 39 | .39 |
| | TP | 1 | 1.83 |
| | TP | 1 | 2.07 |
| | | | |
| 3-06 | Harris | 2 | 87 |
| | | | |
| | TOTAL: $28.28 | | |

4.77