IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE, NORTHEASTERN DIVISION

JASON RANDOLPH, }
}
    Plaintiff, }
}
v. } No. 2:06-cv-00058
} No. 2:06-cv-00050
RONNIE DALE SCHUBERT; GARY GREEN; }
CHIEF OF POLICE DAVID E. BEATY; and }
THE CITY OF CROSSVILLE, TENNESSEE, }
}
    Defendants. }

AFFIDAVIT OF WILLIAM D. LEADER, JR. WITH RESPECT TO PLAINTIFF'S
COUNSEL'S CLAIM FOR ATTORNEY'S FEES

William D. Leader, Jr., being duly sworn deposes and states as follows:

1. All of the statements contained in this Affidavit are true and correct and made on the basis of my personal knowledge.

2. I have been continuously licensed since 1981 to practice law in Tennessee and since then I have been in private practice with firms in Nashville, Tennessee. My practice is almost one-hundred percent civil litigation. I am familiar with the type case presented and have tried to a verdict a police pursuit case, similar to the instant case.

3. I am familiar with the prevailing rates for attorneys' fees in litigated matters in the Middle District of Tennessee. Based on my knowledge of the prevailing rates of attorneys' fees in the Middle District of Tennessee, I believe that the prevailing market rate for an attorney handling the type of contingent fee civil rights case presented here in the Middle District of Tennessee with Mr. Clarke's qualifications and experience to be at least $350.00 per hour.

4. I have reviewed certain pleadings and the docket sheets in these cases. In addition, I have reviewed the Affidavit and time and expense sheets maintained by Andrew C. Clarke, one of the counsel for the Plaintiff. Based on my review of these documents, I believe that the hours Mr. Clarke worked on the case were reasonable and necessary to properly prepare and litigate this case.

5. I am very familiar with Mr. Clarke's reputation and capabilities as a trial lawyer, especially in the areas of civil rights, police pursuit and police abuse cases. Based on my personal knowledge and opinions, Mr. Clarke is one of the preeminent lawyers in Tennessee and the country with respect to police pursuit and civil rights cases such as the one at issue here. Mr. Clarke is highly regarded for his knowledge and expertise in this area of the law. Mr. Clarke represents his clients zealously and typically achieves excellent results.

6. It is my opinion that Mr. Clarke's fee request to be reimbursed at the hourly rate of $350.00 per hour is imminently reasonable and in line with the prevailing market rate for attorneys with his qualifications and experience. Police pursuit and civil rights cases require a high degree of specialized knowledge and experience in order for successful prosecution. They require a familiarity with police practices and procedures. Indeed, Mr. Clarke is often hired by other lawyers to represent clients in civil rights and police pursuit matters because of his familiarity with police practices and procedures and his qualifications and experience in handling these cases.

7. In this case, Mr. Clarke accepted representation of a difficult case for the Plaintiff, especially considering Plaintiff's conduct at the time of his injury, Plaintiff's use of drugs at the time of his injury, Plaintiff's criminal activity before, during and following the incident (which will result in the Plaintiff being incarcerated at the time of the trial of this action), the venue for the trial and the regard that most citizens in the locale hold for the police. Based on these factors, the Plaintiff would be an extremely undesirable client to most attorneys and unattractive to many jurors.

8. In this case, the results obtained by the Plaintiff through the efforts of Mr. Clarke were outstanding as the Plaintiff will recover money to compensate him for his medical bills and pain and suffering by way of judgment rather than settlement. In my opinion recovery by way of judgment rather than settlement is the most effective way to force a change of behavior from a defendant because it places the public on notice of the defendant's conduct that led to the judgment. A defendant who fails to change the behavior that led to a judgment will surely expose itself to increased liability if it continues its unlawful conduct in the future. As this lawsuit involved the violation of fundamental rights under the U.S. Constitution, the importance of this judgment for the protection of the constitutional rights of persons who come into contact with members of the Crossville Police Department should not under-estimated.

9. Considering the risks associated with the case; the fact that the Plaintiff was an undesirable and unattractive client; the fact that the recovery was never assured and doubtful; the fact that Mr. Clarke agreed to accept representation in a matter pending in Cookeville when his office is in Memphis; the excellent results obtained and of course Mr. Clarke's unmatched skill, knowledge and expertise, it is my opinion that Mr. Clarke's requested hourly rate of $350 is reasonable and in line with the prevailing market rate for attorneys in the Middle District of Tennessee who have Mr. Clarke's qualifications and experience. In addition, it is my opinion that these same factors clearly support an upward enhancement to Mr. Clarke's hourly rates. Accordingly, I believe that

the request for fees, including an enhancement, made by Mr. Clarke in his Motion for Attorney's Fees, Costs and Expenses and supporting Affidavit is reasonable and should be approved to ensure that citizens whose constitutional rights are violated are able to attract highly qualified attorneys, such as Mr. Clarke, to act as private attorney generals in furtherance of the express purpose of 42 U.S.C. Section 1988.

Further, Affiant saith not.

                                       _____
                                       William D. Leader, Jr.

SWORN TO AND SCRIBED before me this 20th day of November 2006.

                                       _____
                                       Notary Public

My Commission Expires: 3-21-2009

[Notary Seal: BEVERLY YOUSEFZADEH, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, TENN.]

My Commission Expires MAR. 21, 2009