IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

_____

JASON RANDOLPH,

      Plaintiff,

vs.

RONNIE DALE SCHUBERT;
GARY GREEN;
CHIEF OF POLICE DAVID E. BEATY; and
THE CITY OF CROSSVILLE, TENNESSEE,

      Defendants.

No. 2:06-cv-00058
No. 2:06-cv-00050

_____

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES,
COSTS AND EXPENSES AGAINST DEFENDANTS SCHUBERT,
GREEN, BEATY AND THE CITY OF CROSSVILLE**

_____

COMES NOW the Plaintiff, by and through counsel of records and pursuant to F.R.C.P. 54,

42 U.S.C. Section 1988 and the Judgment entered against the Defendants on November 9, 2006, and

respectfully moves the Court for an award of reasonable attorneys' fees, costs and expenses incurred

in this action and in support thereof the Plaintiff relies upon Plaintiff's Motion for an Award of

Attorneys' Fees, Costs and Expenses against Defendants Schubert, Green, Beaty and the City of

Crossville, the Affidavit of Andrew C. Clarke, the Affidavit of Stephen Burroughs, the verified Bill

of Costs of Stephen Burroughs, the verified Bill of Costs of Andrew C. Clarke, the Affidavit of

Cynthia Wilson, the Affidavit of Andy Allman and the Affidavit of William Leader, and the entire

record as a whole and would respectfully state as follows:

# INTRODUCTION

1.      The Plaintiff filed this action against the Defendants on June 2, 2006, alleging that the Defendants, jointly and severally, violated the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendment and various state law rights.  The Plaintiff's Complaint and Amended Complaint for civil rights violations were brought pursuant to 42 U.S.C. Section 1983 and 1988.  The Defendants filed responses to the Complaint and Amended Complaint denying that the Defendants' actions violated the Plaintiff's constitutional or state law rights.

2.      On October 30, 2006, the Defendants made an Offer of Judgment of $90,001.00 plus reasonable attorneys fees and costs accrued through the date of the Offer of Judgment.  This Offer of Judgment was received by Plaintiff's counsel on October 31, 2006.  On November 8, 2006, the Plaintiff filed a Notice of Acceptance of Defendant's Rule 68 Offer of Judgment, Proof of Service of Defendants' Rule 68 Offer of Judgment and Plaintiff's Notice of Acceptance of Defendants' Rule 68 Offer of Judgment and Notice of Filing of Defendants' Rule 68 Offer of Judgment, Plaintiff's Notice of Acceptance of Defendants' Rule 68 Offer of Judgment and Request for Entry of Judgment.  On November 9, 2006, this Honorable Court filed an Order entering a Judgment against the Defendants in the amount of $90,001.00.

3.      Plaintiff has been represented throughout this litigation by Stephen Burroughs of Burroughs & Johnson and Andrew C. Clarke of Borod & Kramer, P.C.  Plaintiff's counsel, Andrew C. Clarke, has expended a total of 97.35 hours in representing Plaintiff in this litigation to judgment as reflected in the Affidavit of Andrew C. Clarke attached as Exhibit A.  Mr. Clarke's normal hourly rate is $350.00. (Affidavit of Andrew C. Clarke attached as Exhibit A).  Plaintiff's counsel, Andrew C. Clarke, has incurred expenses in the prosecution of this case in the amount of $849.63 which are

set forth in the Affidavit of Andrew C. Clarke attached as Exhibit A and its exhibits which include

the client's expense sheet and a properly executed Bill of Costs. Further, Plaintiff's counsel,

Stephen Burroughs has expended a total of 49.5 hours in representing Plaintiff in this litigation to

judgment as reflected in the Affidavit of Stephen Burroughs attached as Exhibit B. Mr. Burroughs

normal hourly rate is $225.00. (Affidavit of Stephen A. Burroughs attached as Exhibit B). In

addition, Plaintiff's counsel, Stephen Burroughs, has incurred expenses in the prosecution of this

case in the amount of $1,236.77 which are set forth in the Affidavit of Stephen Burroughs attached

as Exhibit B and its exhibits which include the client's expense sheet and a properly executed Bill of

Costs.

    4.    Based on the respective hourly rates of Plaintiff's counsel, the number of hours

reasonably expended and the factors to be considered in awarding attorneys' fees set forth in

Blanchard v. Bergeron, 489 U.S. 87, 93 (1989), Johnson v. Georgia Highway Express, Inc., 488 F.2d

714, 717-719 (5th Cir. 1974), Hamlin v. Charter Township of Flint, 165 F.3d 426, 436 (6th Cir.

1999), and other cases, Plaintiff requests an award of attorneys' fees for obtaining a Judgment

against the Defendants which is calculated as follows:

    a.    Andrew C. Clarke  -  $350 X 97.35 hours    =    $34,072.50
                         (Lodestar Amount)
                         -  $34,072.50 X 2        =    $68.145.00
         (Lodestar Amount Enhanced by a Multiplier of Two)
        Total Fees Claimed by Andrew C. Clarke        =    $68,145.00

    b.    Stephen Burroughs  -  $225 X 49.5 hours    =    $11,137.50

        Total Attorneys' Fee Claimed for Obtaining Judgment    =    $79,282.50

    * This amount does not include any time devoted to the preparation and argument of the
instant Motion.

5.      Further, Plaintiff requests an Order awarding him costs and expenses associated with the prosecution of the instant action and obtaining Judgment against the Defendants which are documented in the exhibits to the Affidavits of Andrew C. Clarke and Stephen A. Burroughs and are calculated as follows:

a.   Andrew C. Clarke                                    =        $849.63
b.   Stephen A. Burroughs                               =        $1,236.77
                    Total Expenses & Costs             =        $2,086.40

6.      In addition to the Affidavits of Plaintiff's counsel, the Plaintiff is submitting the Affidavits of Cynthia Wilson (attached as Exhibit C), Andy Allman (attached as Exhibit D) and William Leader (attached as Exhibit E) who are attorneys who practice complex litigation and civil rights litigation in the Middle District of Tennessee in support of their Motion for Attorneys' Fees, Costs and Expenses.  Based on a review of the Affidavits of Ms. Wilson, Mr. Allman and Mr. Leader, the Plaintiff submits that the requested attorneys' fees, costs and expenses are reasonable, necessary and should be approved.

7.      Finally, the Plaintiff also seeks to recover all reasonable attorney's fees, costs and expenses involved in the filing and argument of the instant Motion for Attorney's Fees, Costs and Expenses.  The total amount of time devoted to the Motion for Attorney's Fees, Costs and Expenses by Mr. Clarke through November 14, 2006 is 21.05 hours.  Therefore, the Plaintiff requests that this Honorable Court enter an Order awarding Plaintiff attorneys' fees in the amount of ($350 X 21.05 hours) $7,367.50 for the preparation of the instant Motion for Attorneys' Fees, Costs and Expenses, Memorandum in Support of Motion for Attorneys' Fee, Costs and Expenses and supporting documents.  This does not include any time devoted to the argument of the instant motion.  Further, while Mr. Burroughs has performed valuable services in association with the instant Motion, the

Plaintiff is not requesting any attorneys' fees for his contributions. However, if it becomes

necessary to argue the instant Motion, the Plaintiff will be requesting additional fees of both Mr.

Clarke and Mr. Burroughs associated with the argument of this Motion.

## LAW AND ARGUMENT

**A.** **Recovery of Fees in Case Brought Pursuant to 42 U.S.C. Section 1983 are an Important Incentive to Obtaining Counsel and Advancing Unpopular or Undesirable Claims.**

Civil rights statutes which award attorneys' fees to prevailing parties are remedial in nature

and should be broadly interpreted to facilitate the congressional purpose. Williams v. City of

Fairburn, 702 F.2d 973, 976 (11th Cir. 1983); Runyon v. Fasi, 762 F. Supp. 280, 285 (D. Hawaii

1991). The present case falls squarely within the purposes Congress intended when it adopted the

fee statute: to encourage private enforcement of civil and constitutional rights by attracting

competent counsel for parties or causes that might otherwise be considered too controversial or

unpopular. As noted by the Affidavits submitted in support of Plaintiffs' Motion for Attorneys'

Fees, Costs and Expenses, encouraging private enforcement is an especially important purpose in the

civil rights arena. Fee awards, therefore, are an indispensable component of the remedies mandated

by Congress to promote civil rights enforcement.

Both the House and Senate Reports accompanying the Civil Rights Attorney's Fees Awards

Act of 1976, embrace a twelve factor approach and commended its utilization in ascertaining

reasonable fees in civil rights cases. S. Rep. No. 94-1011, 94th Cong. 2d Sess. 6, reprinted in 1976

U.S. Code Cong. & Ad. News 5908, 5913. The legislative history of §1988, S. Rep. No. 94-1011,

94th Cong. 2d Sess., reprinted in 1976 U.S. Code Cong. & Ad. News 5908, made it clear that the

purpose of §1988 was to induce competent counsel to undertake meritorious civil rights litigation by

assuring them that if they were successful in vindicating federally protected rights, they would be

paid in the same manner as is traditional with attorneys compensated by fee-paying clients, even

when the results obtained are entirely non-pecuniary or solely of nominal pecuniary value. A

substantial purpose for providing attorney's fees to successful civil rights litigants was to stimulate

voluntary compliance with the law. Sable Communications of California v. Pacific Telephone and

Telegraph, 890 F.2d 184, 193 (9th Cir. 1989).

Courts have interpreted legislative intent as establishing a very high level for compensation

for successful civil rights litigants. Martino v. Carey, 568 F.Supp. 848, 850 (D. Ore. 1983)

(Congress intended that courts award in civil rights cases, the highest rate charged in the area for

complex antitrust and commercial litigation. In civil rights cases, the highest rate charged to private

clients for complex federal cases in a particular legal market should presumptively apply).

Attorneys' fees in civil rights cases involve three components:

1.    the customary hourly rates prevailing in the community for similar work by similarly
      qualified attorneys;
2.    the number of hours reasonably expended on the litigation; and
3.    adjustments determined by the 12 factors stated in Johnson.

**B.    The Lodestar Method Applies To Plaintiffs' Claim for Attorneys' Fees under 42
       U.S.C. Section 1988.**

A "reasonable fee" means "a fee that would have been deemed reasonable if billed to affluent

plaintiffs by their own attorneys." City of Riverside v. Rivera, 477 U.S. 561, 591 (1986) ; Missouri

v. Jenkins, 491 U.S. 274, 286 (1989). It is computed in light of the traditional billing practices in

the profession on the basis of rates and practices prevailing in the relevant market, i.e., in line with

those rates prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience, and reputation. "An award of fees enables the plaintiff to keep the whole recovery

and brings home to the defendants the full social costs of their unconstitutional conduct, costs that include litigation as well as the original damages." Kirchoff v. Flynn, 786 F.2d 320, 327 (7th Cir. 1986).

The starting point in determining a reasonable fee is the calculation of the lodestar amount. The lodestar amount is the product of hours reasonably expended on the litigation multiplied by the customary hourly rates generally prevailing in the relevant community for similar services rendered by similarly qualified attorneys. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The lodestar may then be adjusted upward or downward in light of the factors set forth in Blanchard v. Bergeron, 489 U.S. 87, 93 (1989), Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), Hamlin v. Charter Township of Flint, 165 F.3d 426, 436 (6th Cir. 1999), and other cases, to wit:

    (1) the time and labor required;
    (2) the novelty and difficulty of the questions involved;
    (3) the skill requisite to perform the legal service properly;
    (4) the preclusion of other employment by the attorney due to acceptance of the case;
    (5) the customary fee;
    (6) whether the fee is fixed or contingent;
    (7) time limitations imposed by the client or the circumstances;
    (8) the amount involved and the results obtained;
    (9) the experience, reputation, and ability of the attorneys;
    (10) the "undesirability" of the case;
    (11) the nature and length of the professional relationship with the client; and
    (12) awards in similar cases. Id. at 437.

The Sixth Circuit has noted that the Trial Court may apply the above referenced factors either after the Trial Court's initial valuation of the hours reasonably expended at a reasonable rate or during its initial valuation. Id. at 437. In ruling on a Motion for Attorney Fees, the Trial Court should provide "a concise but clear explanation of its reasons" for its conclusions regarding an attorney's fee award. Id.

{BK Clients\18322\001\PLD\00027392.DOC}

Once calculated, the lodestar is presumptively reasonable.  <u>Pennsylvania v. Delaware Valley Citizens' Council</u>, 483 U.S. 711, 728 (1987); <u>Cunningham v. County of Los Angeles</u>, 879 F. 2d 481, 484, (9th Cir.), cert. denied, 493 U.S. 1035, 110 S. Ct. 757 (1990).  Where work has been conducted over time, the proper measure of the lodestar is calculated on the basis of current rather than historic hourly rates.  <u>Missouri v. Jenkins</u>, 491 U.S. 274, 284 (1989); <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1406 (9th Cir. 1992); <u>Jordon v. Multonomah Cty.</u>, 815 F.2d 1258, 1262 n.7 (9th Cir. 1987).

**C.     Plaintiff is Entitled to Prevailing Hourly Rates and Expenses Normally Charged to Fee Paying Clients as Part of Attorneys' Fees.**

Reasonable fees are "to be calculated according to the prevailing market rates in the relevant community."  <u>Blum v. Stenson</u>, 465 U.S. 866, 895 (1984).  The Ninth Circuit recognized in <u>Harris v. Marhoefer</u>, 24 F.3d 16 (9th Cir. 1994), that a prevailing party can recover out-of-pocket expenses as part of an award of attorney's fees, so long as they were the type of charges that would normally be billed to fee-paying clients, over and above hourly rates.  "All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel and telephone are plainly recoverable in Section 1988 fee awards because they are part of the costs normally charged to a fee-paying client."  <u>Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board</u>, 919 F.2d 374, 379 (5th Cir. 1990).  The rationale of these cases is explained succinctly in <u>Henry v. Webermeier</u>, 738 F.2d 188, 192 (7th Cir. 1984):

> The Act seeks to shift the costs of the winning party's lawyer (in cases within the intended scope of the Act) to the losing party and that cost includes the out–of-pocket expenses for which lawyers normally bill their clients separately, as well as fees for lawyer effort.  The Act would therefore fall short of its goal if it excluded those expenses.  What is more, the line between fees and expenses is arbitrary.  The lawyer's hourly billing rate includes many overhead expenses such as local telephone calls.  It is impossible to believe that Congress would have wanted prevailing parties to get back their lawyers' local telephone expenses

(invariably included in the hourly fee) but not their long-distance expenses (invariably billed separately); or to get back secretarial expenses – which are included in overhead and therefore billed as part of the lawyer's hourly rate rather than separately – but not the expenses of word processing, often billed separately to the client.

In the case at hand, these expenses are set forth in the expense sheets and verified Bills of Cost attached to the Affidavits of Andrew C. Clarke and Stephen A. Burroughs.  All the expenses listed in the attachments to the Affidavits of Andrew C. Clarke and Stephen A. Burroughs are expenses that would be charged to a normal fee paying client.

In determining a reasonable hourly rate, the district court must consider the "experience, skill and reputation of the attorney requesting fees." D'Emanuele v. Montgomery Ward & Co, Inc., 904 F.2d 1379, 1384 (9th Cir. 1990) (internal quotations and citations omitted). Additionally, where a case has extended over a period of time, the fee award should be based on hourly rates currently in effect, rather than using rates, which were historically in use at the time the services were rendered. Gates v. Deukmejian, 987 F.2d. 1392, 1406 (9th Cir. 1993).  This method adjusts and compensates for the delay in the receipt of payments for the attorneys' services.  Id.; Pennsylvania v. Delaware Valley Citizens Council for Clear Air, 483 U.S. 711 (1987); Missouri v. Jenkins, 491 U.S. 274, 284 (1991).  Regarding the determination of the amount of attorneys' fees to be awarded successful civil rights litigants, the Jenkins court also said that:

> First is the matter of delay. When Plaintiffs' entitlement to attorney's fees depends on success, their lawyers are not paid until a favorable decision finally eventuates, which may be years later.... Meanwhile, their expenses of doing business continue and must be met. In setting fees for prevailing counsel, the courts have regularly recognized the delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.

Id. at 282 (internal citations omitted).

The hourly rates billed for the attorneys involved in this case are in keeping with the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill,

{BK Clients\18322\001\PLD\00027392.DOC}

experience and reputation. Plaintiff's attorneys have submitted Affidavits reflecting their customary hourly rates and the hours reasonably expended in the prosecution of this case. These Affidavits are entitled to compelling weight. Garrity v. Sununu, 752 F.2d 727, 740 n.12 (1st Cir. 1984). Further, the Plaintiff has submitted the Affidavits of Cynthia Wilson, Andy Allman and William Leader which attest to the reasonableness of Plaintiff's claimed attorneys' fees. Accordingly, the Plaintiff respectfully requests that this Honorable Court entered an Order awarding the Plaintiff the requested attorneys' fees and costs.

This Court enjoys considerable discretion in determining the reasonableness of fees requested. Hensley, 461 U.S. at 437. The mere recitation that hours are "excessive" without specific explanation for each reduction is an improper exercise of the discretion. Gilmere v. City of Atlanta, 931 F.2d 811, 815 (11th Cir. 1991). For example, in Hamlin v. Charter Township of Flint, 165 F.3d 1688, (6th Cir. 1999), the Sixth Circuit vacated as an abuse of discretion a 50% across the board reduction of the attorney fees because the Trial Court failed to provide a proper basis for the reduction. Under the principles of Rivera v. City of Riverside, 763 F.2d 1580 (9th Cir. 1985), aff'd 477 U.S. 561 (1986), successful attorneys are to be compensated in cases such as this, which vindicate important public as well as private purposes, irrespective of the amount of damages ultimately recovered. In this case, the Plaintiff obtained monetary relief **by judgment** to compensate the Plaintiff for his medical expenses and for his pain and suffering. Hewitt v. Helms, 107 S. Ct. 2672 (1987), clearly states that a prevailing party is one who proves entitlement to requested judicial relief. Id. at 2674-75. As the relief requested by Plaintiff has been reduced to judgment, it is clear that the Plaintiff is a prevailing party entitled to a full award of attorneys' fees and costs pursuant to 42 U.S.C. Section 1988.

## D.     TRAVEL TIME IS COMPENSABLE

It is well settled that an attorney's necessary travel time during the course of litigation is compensable under §1988.  M. Schwartz and J. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees*, Second Edition §21.15 at p. 260-262 (John Wiley & Sons 1991).  Lawyers charge their clients for travel time because when a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling.  Henry v. Webermeier, 738 F.2d 188, 194 (7th Cir. 1984).  The prevailing party's entitlement to attorney's fees for travel time

> focus[es] on the general billing practice in the community . . . .  Probable [the proper hourly rate] is the same billing rate as would be appropriate for the other time the lawyers put in on the case.  When a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling.  That is why lawyers invariably charge their clients for travel time, and usually at the same rate they charge for other time. . . .  The presumption [is] a reasonably attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time.  Crumbaker v. Merit Systems Protection Board, 781 F.2d 191, 193-194 (Fed. Cir. 1986).

In this case, Plaintiff's counsel had to travel to Nashville on one occasion to attend a Rule 16(b) Scheduling Conference and seeks recovery of this time.

## E.     RESEARCH TIME IS COMPENSABLE

Research is compensable time if the research is relevant and reasonable in terms of time for the scope and complexity of the litigation.  Alberti v. Sheriff of Harris County, 688 F.Supp. 1176, 1187 (S.D. Tex. 1987).  Education about the topics directly relevant to the litigation and back ground history of the case is compensable time.  Alberti v. Klevenhagen, 896 F.2d 927, 933 (5th Cir. 1986).  Plaintiff's counsel has performed valuable legal research to investigate this cause of action and seeks recovery of any such charges.

**F.    TIME SPENT ON CASE BY LAW CLERK AND PARALEGALS IS COMPENSABLE**

The time for law clerks is also compensable at the market rate rather than the actual cost of employing the law clerk as noted by the Supreme Court in <u>Missouri v. Jenkins</u>. 109 S.Ct. 2463 (1989).  While Plaintiff's counsel utilized the assistance of both law clerks and paralegals in preparing this case, in exercising reasonable billing judgment, the Plaintiff is not seeking the recovery of these charges.

**G.    FEES FOR LITIGATING FEE DISPUTE**

It is undisputed that time expended litigating attorneys' fees issues are fully compensable.  It is firmly established that a fee award must include an amount for time reasonably expended litigating the fee claim itself.  See, e.g., <u>Knighton v. Watkins</u>, 616 F.2d 795, 800 (5th Cir. 1980) ("[i]t is now well settled that the lawyer must be paid for the effort entailed in securing compensation."); <u>Johnson v. State of Mississippi</u>, 606 F.2d 635, 637-39 (5th Cir. 1979); <u>Souza v. Southworth</u>, 564 F.2d 609 (1st Cir. 1979) <u>Weisenberger v. Huecker</u>, 593 F.2d 49 (6th Cir. 1979) <u>cert. den.</u> 444 U.S. 880 (1979); <u>Bagby v. Beal</u>, 606 F.2d 411 (3rd Cir. 1979); <u>Cruz v. Hauck</u>, 762 F.2d 1230 (5th Cir. 1985); <u>Kurowski v. Krajewski</u>, 848 F.2d 769 (7th Cir. 1988). ); *see also* <u>National Association of Concerned Veterans v. Secretary of Defense</u>, 675 F.2d 1319, 1330 (D.C. Cir. 1982) (Courts have frequently warned losing litigants against engaging in a purely vindictive contest over fees because of the significant attorneys' fees they can expect to be assessed against them when they engage in ill-considered or ill-advised fee litigation until the bitter end.).   Therefore, the Plaintiff seeks the recovery of fees for the time spent working on the Motion for Award of Attorneys' Fees, Costs and Expenses, Memorandum in Support of Motion for Award of Attorneys' Fees, Costs and Expenses and the Affidavits of Plaintiff's counsel.

**H. PLAINTIFF IS ENTITLED TO AN UPWARD ADJUSTMENT OF THE LODESTAR AMOUNT OF TWO TIMES.**

In the instant case, the Plaintiff submits that he is entitled to have the attorneys' fee enhanced by a multiplier of two. In the lodestar method of fee calculation, after the court has arrived at a fee by multiplying the hours reasonably spent by an appropriate hourly fee, the court may consider upward adjustments to the lodestar amount. Hensley, 461 U.S. 424. In Hensley, the Supreme Court stated:

> Where a plaintiff has obtained excellent results, his attorney should recover a compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. Id. at 435.

In evaluating whether to provide an upward enhancement to the lodestar amount, the courts have recognized many factors to consider, to wit:

a. The time and labor required;
b. The novelty and difficulty of the questions involved;
c. The skill required to perform the legal services properly;
d. Preclusion of other employment by the attorney due to the acceptance of the case;
e. The customary fee;
f. Whether the fee is fixed or contingent;
g. Time limitations imposed by the client or circumstances;
h. The amount involved and the results obtained;
i. The experience, reputation and ability of the attorneys;
j. The undesirability of the case;
k. The nature and length of the professional relation with the client; and
l. Awards in similar cases.

Blanchard v. Bergeron, 489 U.S. 87, 93 (1989), Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), Hamlin v. Charter Township of Flint, 165 F.3d 426, 436 (6th Cir. 1999).

The most significant consideration in an upward adjustment to the lodestar is the results obtained. Hensley, 461 U.S. at 435. An upward adjustment to an attorney's lodestar hourly rate is permissible in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts. Pennsylvania v. Delaware Valley Citizens' Council, 478

U.S. 546, (1986). To obtain an enhancement, a fee applicant must establish that the quality of service rendered and the results obtained were superior to what should reasonably have been expected. In re Apex Oil Co., 960 F.2d 728, 732 (8th Cir. 1992).

Prior to 1992, the courts allowed upward adjustments to attorney's fees awards to reflect the contingent nature of the representation. However, in City of Burlington v. Dague, 505 U.S. 557 (1992), the Supreme Court effectively ended contingency-risk enhancements. However, the Supreme Court's ruling did not affect the appropriateness of upward adjustments for exceptional success. Upward adjustments are still allowed when they are based on permissible factors, such as the quality of the representation. See e.g. Luciano v. Olsten Corp., 109 F.3d 111 (2d Cir.1997) (enhancing hourly rate from $200 to $225 per hour based on the complexity of the issues and the attorney's experience and expertise in the field); McKenzie v. Kennickel, 875 F.2d 330, 338 (D.C. Cir. 1989) (25% enhancement on the basis of "the quality of representation and exceptional results" upheld where district court made specific findings that the attorneys performed in a manner worthy of higher rates); Hollowell v. Gravett, 723 F.Supp. 107, 110 (E.D.Ark. 1989) (counsel entitled to enhancement of 75% based on exceptional results and superior quality of his performance); Hartman v. Duffey, 158 F.R.D. 525 (D.D.C. 1994) (enhancement of 25% awarded by Special Master to two lead counsel); In re Washington Public Power Supply Sys. Sec. Liti., 19 F.3d 1291, 1304-05 (9th Cir. 1994) (awarding quality of representation multipliers to individual attorneys in common fund case).

In the case *sub judice*, the Plaintiff submits that he is entitled to an upward advancement based on the skill and expertise of his counsel and the results obtained. In this case, the Plaintiff primarily alleged that the Defendants violated his constitutional rights. The Defendants denied that they violated any of the Plaintiff's rights and sought to prove that the Plaintiff was solely responsible

for his injuries. By accepting the Offer of Judgment, the Plaintiff was able to obtain compensation for his medical expenses and his pain and suffering. In addition, it is significant to note that the Plaintiff has obtained these results by judgment, as opposed to settlement which denies any responsibility or liability for the Plaintiff's injuries or damages. In the civil rights arena, recovery by way of judgment is a much more desirable result because it places the public on notice of the unconstitutional conduct of the defendants. This judgment, therefore, will serve as an impetus for changing the behavior of the City of Crossville Police Department and its officers which led to the Plaintiff's injuries and damages. If the Defendants fail to change their behavior, this judgment will serve to assist any further victims of police abuse at the hands of the Crossville Police Department.

Another basis for an upward adjustment to the lodestar, which has survived the Supreme Court's elimination of contingency enhancements, is the undesirability of a case. In Gomez v. Gates, 804 F.Supp. 69 (C.D.Cal. 1992), the court held that since Dague did not address the "undesirability of the case," the court was not precluded from enhancing a fee otherwise determined by a lodestar calculation. Similarly, in Guam Soc'y of Obstetricians & Gynecologists v. ADA, 100 F.3d 691, 697 (9th Cir. 1996), the court justified a 2.0 multiplier based on the undesirability of the case. Based on the undesirability of this case, the Plaintiff submits that this case is an appropriate case to apply an upward adjustment to the lodestar amount.

As in all civil rights cases, there is a substantial risk of non-recovery given the respect that the public shows towards police officers and the fact that the plaintiffs are, in most instances, involved in some sort of criminal activity and not the most desirable clients. This factor is compelling in the instant case because the Plaintiff was actively fleeing from police on a motorcycle and allegedly had drugs in his system. Further, the Plaintiff had significant prior run-ins with the

law making him a less attractive client. After this incident, the Plaintiff was arrested for additional charges and is currently serving a six year sentence on unrelated charges. This is significant because the Plaintiff would still be incarcerated at the time of trial. As the Plaintiff was actively fleeing from the police, allegedly had illegal drugs in his system and was serving a six year prison sentence (which would result in him being in prison at the time of trial), this case would be extremely undesirable to the average attorney. Based on the undesirability of this case, the Plaintiff submits that this is an appropriate case for an upward enhancement of the lodestar amount and requests that this Honorable Court apply a multiplier of two to the lodestar amount.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that his Motion for Attorneys' Fee, Costs and Expenses be granted and that this Honorable Court enter an Order awarding the Plaintiff: 1) the sum of $79,282.50 as reasonable attorney fees for the services of Plaintiff's attorneys in obtaining Judgment against the Defendants; 2) the sum of $2,086.40 as expenses and costs; 3) the sum of $7,637.50 as reasonable attorneys' fees associated with the preparation of the instant Motion, Memorandum in Support and supporting documents; and 4) all such further relief, both general and specific, to which he may be entitled under the premises.

Respectfully Submitted,

BOROD & KRAMER, P.C.

s/ Andrew C. Clarke
Andrew C. Clarke (15409)
Attorney for Plaintiffs
80 Monroe Avenue, Suite G1
Memphis, Tennessee 38103
(901) 524-0200 (tel)
(901) 543-0043 (fax)

{BK Clients\18322\001\PLD\00027392.DOC}

BURROUGHS & JOHNSON

___s/ Stephen A. Burroughs_____
Stephen A. Burroughs (19994)
1750 Riverview Tower
900 South Gay Street
Knoxville, Tennessee 37902
(865) 525-3773

CERTIFICATE OF SERVICE

I, Andrew C. Clarke, do hereby certify that a true and correct copy of the foregoing has been served upon the following persons through the Court's electronic filing system and by U.S. Mail, postage prepaid:

Daniel H. Rader, III
P.O. Box 3347
Cookeville, Tennessee 38502

Robert H. Watson, Jr.
P.O. Box 131
Knoxville, Tennessee 37901-0131

Stephen A. Burroughs
1750 Riverview Tower
900 South Gay Street
Knoxville, Tennessee 37902

This the 21st day of November, 2006.

_s/ Andrew C. Clarke_____
Andrew C. Clarke