# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COOKEVILLE

JASON RUSSELL RANDOLPH,    )
    )
    Plaintiff,    )
    )
v.    )
    )    No. 2:06-cv-00050
RONNIE DALE SCHUBERT;    )    ECHOLS / GRIFFIN
GARY GREEN;    )
CHIEF OF POLICE, DAVID E. BEATY; and    )
CITY OF CROSSVILLE, TENNESSEE,    )
    )
    Defendants.    )

## OBJECTION TO PLAINTIFF'S BILL OF COSTS

The Defendants Ronnie Dale Schubert and Gary Green, hereby appear, by and through counsel, and for their Objection to the Plaintiff's Bills of Costs states as follows:

Pursuant to the Plaintiff's acceptance of these Defendants' Rule 68 Offer of Judgment, the Plaintiff's attorneys have provided their proposed Bills of Costs. These Defendants hereby object to portions of those Bills of Costs as follows:

    I.    **Bill of costs submitted by Attorney Andrew C. Clarke**

With respect to Attorney Andrew C. Clarke's Bill of Costs, it is submitted that the costs properly payable by these Defendants are as follows:

    1) Fees of the Clerk……………….$ 75.00

    2) Other costs…………………...$ 271.72

        TOTAL:    $ 346.72

    1.    **United States District Court Middle Section admission fee.**

In the Plaintiff's Bill of Costs provided by Attorney Andrew C. Clarke, reimbursement is sought for the entire cost of Mr. Clarke's admission to practice in the United States District

Court, Middle Section of Tennessee. These Defendants should not be made to bear the entire cost of the Plaintiff's attorney's admission to practice in the United States District Court Middle Section of Tennessee.

Orr v. Nelson, 874 F.Supp. 998 (Dist. Ct. Neb. 1995) presents a similar situation to the present case. In Orr, the Court approved a cost of Twenty-Five Dollars ($25.00), the cost of a one time admission to practice in front of the District Court. The Court reasoned that the lawyer claiming the fee was not entitled to have his permanent admission paid for by the adverse party, but rather the limited admission for purposes of participating in the case was the proper cost.

In the present case, Mr. Clarke is seeking payment of his permanent admission to the United States District Court for the Middle District of Tennessee to be paid by the Defendants. This is clearly not reasonable, in light of the fact that Mr. Clarke could have just as easily participated in this case by filing a Pro Hac Vice Motion. The Pro Hac Vice fee is Seventy-Five Dollars ($75.00).

Accordingly, it is respectfully requested that this Court strike Mr. Clarke's cost for permanent admission to the United States District Court Middle Section of Tennessee and order the cost associated with his admission that the Defendants will bare will be in the amount of Seventy-Five Dollars ($75.00).

2. **Copying Charges.**

Attorney Clarke has also specified copying charges in the amount of Five Hundred Fifty-Seven Dollars and Seventy-Five Cents ($557.75) that he believes he is entitled to as a result of his Client's acceptance of these Defendants Rule 68 Offer of Judgment. Attorney Clarke lists a total of 2,223 copies made, at a rate of Twenty-Five Cents ($.25) per page. This rate is excessive and unreasonable.

Plaintiff's attorney's claim that he is entitled to a copying cost of Twenty-Five Cents ($.25) per page is unreasonable and clearly not consistent with prevailing market rates. For example, for a copying job of 2,223 pages, Corporate Legal Copy Service in Knoxville, Tennessee charges Eight Cents ($.08) per page. (Affidavit of Michael Kuczmarski, ¶ 3). Clearly, the claim for Twenty-Five Cents ($.25) per page is unreasonable and inconsistent with current market rates. Using the more reasonable rate of Eight Cents ($.08) per copy, Plaintiff's copying expenses would come to One Hundred Seventy-Seven Dollars and Eighty-Four Cents ($177.84). It is respectfully requested that this Court Order that Attorney Clarke is entitled to only One Hundred Seventy-Seven Dollars and Eighty-Four Cents ($177.84) for reasonable copying charges in this case.

Therefore, it is respectfully requested that this Honorable Court grant costs to Attorney Clarke in the amount of One Hundred Seventy-Seven Dollars and Eighty-Four Cents ($177.84), which would be comprised of reimbursement of copying costs in the amount of 2223 copies at Eight Cents ($.08) per page.

**II.   Bill of Costs submitted by Attorney Stephen A. Burroughs**

With respect to Attorney Stephen A. Burroughs' Bill of Costs, it is submitted that the costs properly paid by these Defendants are as follows:

    1) Fees of the Clerk………………….. $ 350.00

    2) Other Costs……………………….. $ 346.77

                    TOTAL:     $ 696.77

1. **Review of medical records and bills by Phillip B. Michael, M.D.**

Plaintiff's attorney Stephen A. Burroughs has also provided these Defendants with his Bill of Costs related to the above referenced matter. These Defendants hereby object to payment of costs listed for Phillip B. Michael, M.D. for purported review of records and bills.

This cost claimed by the Plaintiff's attorney is clearly for expert witness services. In this case, 42 U.SC. § 1988(c) controls the awarding of said costs. 42 U.S.C. § 1988(c) states:

> (c). Expert fees. In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981(a) of this title, the Court, in its discretion, may include expert fees as part of the attorney's fee.

The Plaintiff's complaint was filed pursuant to alleged civil rights violations, made actionable through 42 U.S.C § 1983. Clearly, the Plaintiff's claims for excessive force and civil rights violations do not fall under the purview of 42 U.S.C § 1981 or 1981(a). Accordingly, it is respectfully submitted that such expert fees are not recoverable by the Plaintiff's attorney.

Further, review of medical records and billings is in no way relevant to the complaint at hand. The Plaintiff's complaint states allegations of violations of the Plaintiff's civil rights. It can in no way be seriously argued that expert medical testimony would aid the Court in any way in determining whether the Plaintiff's civil rights were violated by these Defendants. Accordingly, those costs should not be recoverable by the Plaintiff's attorney.

Finally, <u>Murphy v. International Union of Operating Engineers, Local 18</u>, 774 F.2d 114 (6th Cir. 1985) indicates that expert witness fees are not be recoverable in the present case. The majority rule in other Districts is also clear in that expert witness fees may not be awarded as costs. <u>Id.</u> at 134. Accordingly, it is respectfully submitted that this Honorable Court should not allow as costs the Plaintiff's expert witness fees for Phillip B. Michael, M.D.

## CONCLUSION

Accordingly, due to the above referenced facts and law, it is respectfully requested that this Honorable Court limit the above referenced costs as follows:

1. Attorney Andrew C. Clarke's claim for Court admission be designated as a cost of Seventy-Five Dollars ($75.00);

2. Attorney Andrew C. Clarke's claim for copying costs be designated as a cost of One Hundred Seventy-Seven Dollars and Eighty-Four Cents ($177.84); and

3. Attorney Stephen A. Burroughs claim for expert witness fees be denied in full.

            RESPECTFULLY SUBMITTED,

            RONNIE DALE SCHUBERT and
            GARY GREEN

By:<u>/s/Robert H. Watson, Jr., BPR No. 1702</u>
    ROBERT H. WATSON, JR.
    Attorney for Defendants Ronnie Dale Schubert and Gary Green
    WATSON, ROACH, BATSON,
    ROWELL & LAUDERBACK, P.L.C.
    Attorneys at Law
    1500 Riverview Tower
    900 South Gay Street
    P.O. Box 131
    Knoxville, Tennessee 37901-0131
    (865) 637-1700

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon parties or counsel for the parties, in interest herein, by delivery of same to the offices of said counsel or parties' counsel, or by mailing the same to said offices by United States Mail, with sufficient postage thereon to carry the same to its destination.

> Stephen A. Burroughs
> Kelly S. Johnson
> BURROUGHS & JOHNSON
> 1750 Riverview Tower
> 900 South Gay Street
> Knoxville, Tennessee 37902
>
> Andrew C. Clarke
> BOROD & KRAMER, P.C.
> 80 Monroe Avenue, Suite G1
> Memphis, Tennessee 38103
>
> Daniel H. Rader III
> MOORE, RADER, CLIFT
> & FITZPATRICK, P.C.
> P. O. Box 3347
> Cookeville, Tennessee 38502

Dated November 21, 2006.

    s/ Robert H. Watson, Jr., BPR No. 1702
    ROBERT H. WATSON, JR.
    Attorney for Defendants Ronnie Dale Schubert and Gary Green
    WATSON, ROACH, BATSON,
    ROWELL & LAUDERBACK, P.L.C.
    Attorneys at Law
    1500 Riverview Tower
    900 South Gay Street
    P.O. Box 131
    Knoxville, Tennessee 37901-0131
    (865) 637-1700

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COOKEVILLE

| | |
|---|---|
| JASON RUSSELL RANDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:06-cv-00050 |
| RONNIE DALE SCHUBERT; ) | ECHOLS / GRIFFIN |
| GARY GREEN; ) | |
| CHIEF OF POLICE DAVID E. BEATY; and ) | |
| CITY OF CROSSVILLE, TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF MICHAEL KUCZMARSKI

STATE OF TENNESSEE )
)
COUNTY OF KNOX )

Affiant Michael Kuczmarski does hereby appear and after first being duly sworn according to law makes oath as follows:

1. I am a citizen of Knox County, Tennessee, over the age of 18 years and have personal knowledge of the following facts and if called to the stand would so testify.

2. I am an employee of the Corporate Legal Copy Service, 900 S. Gay Street, 1501 Riverview Tower, Knoxville, Tennessee 37902.

3. The standard rate that Corporate Legal Copy Service would charge for the total of 2223 copies is Eight Cents ($.08) per copy.

Further the affiant saith not.

_Michael Kuczmarski_ (signature)
Michael Kuczmarski

Sworn to and subscribed before me this
27th day of November, 2006.

_Karen Watts_ (signature)
NOTARY PUBLIC

[Notary Seal: KAREN L. WATTS, KNOX CO., TENN.]

My commission expires: 6-7-08