UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| **JASON RUSSELL RANDOLPH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CONSOLIDATED |
| v. | ) No. 2:06-0050 |
| | ) No. 2:06-0058 |
| | ) **JUDGE ECHOLS** |
| **RONNIE DALE SCHUBERT; GARY** | ) |
| **GREEN; CHIEF OF POLICE, DAVID** | ) |
| **E. BEATY; THE CITY OF** | ) |
| **CROSSVILLE, TENNESSEE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM

Pending before the Court is Plaintiff Jason Russell Randolph's Motion for an Award of Attorneys' Fees, Costs and Expenses (Docket Entry No. 37) which has been fully briefed by the parties.

Plaintiff seeks compensation for 97.35 hours of attorney time at the rate of $350 per hour for attorney Andrew C. Clarke ("Clarke"), which Plaintiff asserts should be multiplied by a factor of two for a total of $68,145.00 for the work performed by attorney Clarke in obtaining a judgment in these consolidated cases (hereinafter "case"). Plaintiff also seeks $11,137.50 in compensation for the 49.5 hours of attorney time spent by attorney Stephen Burroughs ("Burroughs") at the rate of $225 per hour for his work in obtaining a judgment in this case. Combined, Plaintiff seeks $79,282.50 in attorneys' fees for the work performed in obtaining a judgment in this case. Additionally, Plaintiff seeks $7,367.50 in attorneys' fees for the work performed in filing and pursuing the fee petition. All totaled, Plaintiff seeks $86,650.00 in attorneys' fees.

1

In addition to attorneys' fees, Plaintiff seeks $849.63 for the costs incurred by attorney Clarke, and $1,236.77 for the costs incurred by attorney Burroughs. Combined, Plaintiff seeks a grand total of $88,736.40 in attorneys' fees and costs.

Defendants challenge the attorneys' fee request on the grounds that the hourly rate sought by each attorney is excessive. Defendant also claims that the number of hours allegedly spent on this case was exorbitant.

## I. BACKGROUND FACTS

This is a civil rights action brought under 42 U.S.C. § 1983 which arose as the result of a motorcycle pursuit of Plaintiff by police officers in Crossville, Tennessee on June 5, 2005. The pursuit was captured in a six-minute video from the camera unit mounted on the dashboard of Defendant Officer Ronnie Dale Schubert's ("Officer Schubert's") squad car.

Defendant Sergeant Gary Green ("Sergeant Green") of the Crossville Police Department claims that he began pursuing Plaintiff after observing Plaintiff pop a "wheelie" on his motorcycle. Initially, Sergeant Green was the lead pursuer; however, as the chase progressed, he was overtaken by Officer Schubert, who became the lead pursuer. During the pursuit, Officer Schubert hit the back of Plaintiff's motorcycle, causing the motorcycle to fishtail slightly. Plaintiff was able to maintain balance, and continued to flee. Officer Schubert closed the gap and again hit the back of Plaintiff's motorcycle.[1] This time, Plaintiff lost control of his motorcycle and went off the road into the woods.

---

[1] Officer Schubert claims that, both times, he tapped the motorcycle by accident. Plaintiff claims it was intentional. This Court's repeated review of the videotape leads it to conclude that it is unlikely the bumping of Plaintiff's motorcycle was accidental.

2

Plaintiff was seriously injured and had to be airlifted to the hospital where he incurred over $40,000.00 in medical expenses. Toxicology tests indicated that Plaintiff may have been under the influence of drugs or alcohol at the time of the incident.

While June 5, 2005 may have literally been Plaintiff's first run-in with the law, it was not his first encounter with police officers. In fact, he has had numerous encounters with police officers both before and after the incident and is presently serving a six-year sentence in the West Tennessee State Penitentiary.

Based upon the high-speed pursuit and consequent injuries, suit was filed in this Court on June 2, 2006. After answers were filed and Rule 26 disclosures exchanged, an Offer of Judgment in the amount of $75,001.00 was presented to the Plaintiff. The following day, an Amended Complaint was filed. On October 30, 2006, after the filing of Answers to the Amended Complaint and the exchange of revised Rule 26 disclosures, Defendants made another Offer of Judgment in the amount of $90,001.00, plus reasonable attorneys' fees and costs accrued through the date of the Offer of Judgment. Plaintiff accepted that offer on November 8, 2006. Pursuant to Plaintiff's acceptance of the offer, a judgment was entered in Plaintiff's favor on November 9, 2006.

All together, this litigation lasted less than five months. Little was done in the way of discovery and no depositions were taken.

## II. STANDARD OF REVIEW

Section 1988 of Title 42 provides that in any action under 42 U.S.C. § 1983, the Court may award the prevailing party a reasonable attorneys' fees. To determine the reasonable amount of attorneys' fees to be awarded, the Court must first determine the "lodestar," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly

3

rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-416.

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee; if a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" Id.

### III. ANALYSIS

#### A. Reasonable Hourly Rate

Plaintiff seeks $350.00 per hour in fees for the work performed by attorney Clarke, and $225.00 per hour for the work performed by attorney Burroughs.

Clarke states that he has been in private practice for fifteen years and focuses his practice on civil rights and police misconduct cases. Over the years, he has handled police misconduct and civil rights cases in numerous southern states. He claims that $350.00 is his normal and customary hourly rate for civil rights litigation. He entered this case at the request of Burroughs.

4

Burroughs has been in private practice for seven years, focusing on criminal defense and personal injury cases. He was retained by Plaintiff on a contingency fee[2] basis and sought out "the assistance of a highly qualified and experienced co-counsel" because of the "difficulty" of proving civil rights cases. (Burroughs Aff. ¶ 18). Burroughs claims he normally charges $225.00 per hour.

In support of their respective hourly rates, Clarke and Burroughs have submitted affidavits from several attorneys, including Andy L. Allman, Cynthia A. Wilson, and William D. Leader, Jr. All state in their affidavits that the requested $350.00 hourly rate for Clarke and the requested $225.00 hourly rate for Burroughs are reasonable rates in light of their backgrounds and experience.

For their part, Defendants have also submitted affidavits in relation to the hourly rate for civil rights litigation in this district. J. Russell Farrar, a partner of the law firm of Farrar & Bates state that he normally charges $150.00 per hour for handling federal civil rights lawsuits, although he does not indicate his general background or his specific experience in civil rights litigation. Daniel H. Rader III, Defendants' counsel in this case indicates that he has been an attorney for thirty-three years, that he routinely practices law in the area of insurance, general liability, and civil rights defense, that he has been lead counsel in more than 200 jury trials, and that a reasonable fee for the attorneys in this case is between $175.00 and $225.00 per hour. Robert M. Burns states that he has been in practice for fifteen years, is presently a partner in the law firm of Howell and Fisher and practices almost exclusively in the area of defending civil rights litigation for municipalities. While Burns never indicates what he views to be appropriate hourly rates for the attorneys in this case, he views the amount requested as "excessive." Finally, Defendants attach the fee petition of attorney Cynthia A.

---

[2]Though the contingency fee agreement has not been submitted to the Court, counsel represents that the contingency fee in this case was 33% of any amount recovered. (Docket Entry No. 52 at 6).

5

Wilson, an attorney with eighteen years of experience, who several years ago tried a civil rights case to a jury before Judge Haynes of this Court and was awarded attorneys' fees at the rate of $185.00 per hour.

As can be seen, the parties take widely divergent views of an appropriate hourly rate in this case. Having reviewed the affidavits submitted, considered Clarke's and Burroughs' relative experience, and based upon the Court's own knowledge of the hourly rates charged by civil rights litigants in this district, the Court finds that $275.00 per hour is a reasonable hourly rate for the work performed by Clarke in this case and that $200.00 per hour is a reasonable hourly rate for the work performed by Burroughs in this case. Accordingly, Clarke will be awarded attorneys' fees in the amount of $275.00 per hour and Burroughs will be awarded attorneys' fees in the amount of $200.00 per hour for the hours reasonably expended and properly documented in this case.

**B. <u>Hours Billed</u>**

With regard to the number of hours billed, Defendants write:

> It is difficult to imagine how 97.35 hours by one attorney and 49.50 hours by another attorney were reasonable or necessary in respect to the above captioned matter over an incident captured on video that lasts less than 6 minutes. Once the video-tape was obtained; the medical bills and expenses were obtained; suit was filed; and Rule 26 disclosures and answers to interrogatories were made; and a cursory review of the civil rights law, it would seem that something in the 50 hour range for an attorney that professes to be as experienced as the plaintiff's attorneys do would have been more than sufficient to get this case in a posture to accept the offer of judgment.
> 
>                 \*                \*                \*
> 
> Plaintiff's counsels' claim of $79,282.50 for a case that existed from June 2, 2006, to October 30, 2006, where no depositions were taken; no contested motions were filed; and no Court hearings were conducted is far in excess of "reasonable" compensation for this particular case.

(Docket Entry No. 50 at 6). Instead of close to 150 hours, Defendants submit that fifty hours would be reasonable in this case.

This Court will reduce the number of hours requested by Plaintiff's counsel in this case, albeit not by the large percentage requested by Defendants. The Court will do so to account for what it finds to be excessive hours and the use of block billing.

While "not a prohibited practice," block billing "does not provide the best possible description of attorney's fees[.]" Farfaras v. Citizens Bank and Trust of Chicago, 433 F.3d 558, 569 (7th Cir. 2006). Indeed, block billed hours may be reduced to allay "suspicions about whether all of the work claimed was actually accomplished or whether it was necessary." Torres-Rivera v. Espada-Cruz, 2007 WL 906176 at *2 (D.P.R. 2007)(reducing total fee award by 15% to account for block billing); see, Synagro Technologies, Inc. v. GMP Hawaii, Inc., 2007 WL 851271 at *13 (D. Hawaii, 2007)(reducing blocked billed hours by "approximately" 5%); Phoenix Four, Inc. v. Strategic Resources Corp., 2006 WL 2135798 at *3 (S.D.N.Y. 2006)(fee award reduced by 25% for block billing).

Additionally, the Sixth Circuit "has recognized the propriety of an across the board reduction based on excessive or duplicative hours." Auto Alliance Intern. Inc. v. United States Customs Serv.'s,, 155 Fed. Appx. 226, 228 (6th Cir. 2005)(citation omitted). In Auto Alliance, a Freedom of Information Act case, the Sixth Circuit found that a reduction of 25% of the award was warranted where there was a general excessiveness in billing, the dispute was relatively unexceptional, and the billing entries reflected an unnecessary duplication of effort. Similarly, in Kentucky Restaurant Concepts Inc. v. City of Louisville, 117 Fed. Appx. 415, 419 (6th Cir. 2004), the Sixth Circuit approved an across the board reduction of 10% based upon a duplication of effort, and an additional 35% because of the result obtained.

In this case, the billing records show numerous block billed entries and what appears to be some duplication of effort. Further, the overall number of hours is generally excessive in a case

7

where the incident was captured on videotape, the litigation lasted only five months, there was little discovery, only one court appearance, and no dispositive motions.

To account for the block billing, as well as the general excessiveness of the hours spent on this case, the Court will reduce the number of hours claimed by both Clarke and Burroughs by 25%. Accordingly, Clarke's hours will be reduced from 97.35 to 73.02 and Burroughs's hours will be reduced from 49.50 to 37.12.

### C. Other Factors

The amount of hours reasonably expended multiplied by the court-ascertained reasonable hourly rate constitute the lodestar amount which may be adjusted based upon any of a number of factors "to reflect relevant consideration peculiar to the subject litigation." Adcock-Ladd v. Sec. of Treasury, 227 F.3d 343, 349 (6th Cir. 2000). These factors may be considered not only in terms of setting the proper fee, but also in determining whether an enhancement is in order. Paschal v. Flagstar Bank, 297 F.3d 431, 435 (6th Cir. 2002).

**1. The time and labor required:** As already indicated, this was not a case which was ongoing and complicated. Quite the contrary it was resolved in five months, without the need for extensive discovery or dispositive motions practice.

**2. The novelty and difficulty of the questions involved and skill required to perform the legal service properly:** Plaintiff claims that this was a difficult case because it involved civil rights claims which are inherently hard to prove and because Plaintiff's background was less than stellar. While all of that may be true, these factors are not novel or even uncommon in cases where citizens are suing the police.

Further, distilled to it essence, this is a case where a police officer was caught on video-tape twice ramming his police vehicle into Plaintiff's motorcycle. The law surrounding such actions is

8

not complex and, in fact, Defendants state that Plaintiff's counsel repeatedly informed them that he anticipated receiving summary judgment on the question of liability.

**3. The preclusion of other employment by the attorney due to acceptance of the case:** There is no evidence that taking this case unduly precluded either counsel from accepting other employment.

**4. The customary fee and the experience, reputation and ability of the attorneys.** The Court has already discussed these factors and finds that a fee of $275.00 per hour for Clarke and a fee of $200.00 per hour for Burroughs is reasonable and in keeping with the hourly rates in this district for attorneys of their experience in the civil rights litigation field.

**5. Whether the fee is fixed or contingent:** Plaintiff's counsel have indicated they accepted this case on a one-third contingency-fee basis. "The presence of a pre-existing fee agreement may aid in determining reasonableness." Blanchard v. Bergeron, 489 U.S. 87, 96 (1989). "[A] contingent-fee contract does not impose an automatic ceiling on an award or attorney's fees," id., nor is the lodestar amount "necessarily supposed to serve as a floor below which fee awards are presumptively invalid." D.L.S. Inc. v. City of Chattanooga, 1998 WL 344046 at *4 (6th Cir. 1998). In all events, contingency agreement or not, the fee is to be reasonable in terms of the number of hours and the hourly rate. Blanchard, 489 U.S. at 96. This factor does not counsel either in favor of increasing or decreasing the award in this case.

**6. Time limitations imposed by the client or the circumstances:** There is no indication that either the client or the circumstances of this case placed any exceptional time limitations upon counsel.

9

**7. The amount involved, the results obtained, and awards in similar cases:** Plaintiff's attorneys allege they received a good result for their client in this case. They managed to secure a judgment of $90,001.00, plus reasonable attorneys' fees and costs, without having to engage in extended discovery, defend dispositive motions, or go to trial.

While the final judgment was obtained quickly and apparently the Plaintiff is satisfied with the judgment, it was not exceptional, so as to warrant any multiplier of the award. Further, there is no evidence of similar cases suggesting that the settlement was exceptional. In fact, the $90,001.00 dollar settlement is little more than twice the amount of Plaintiff's medical bills for the injuries he sustained and some attorneys might argue that in a clear case of liability, the settlement was low in view of the liquidated damage. In this case, the entire event was captured on videotape and the officer appears to have clearly intended to at least "bump" Plaintiff's motorcycle, not once, but twice during the pursuit.

**8. The "undesirability" of the case:** This case may be viewed as undesirable inasmuch as Plaintiff had a criminal record and was involved in a police chase while possibly speeding and/or driving recklessly while under the influence. On the other hand, the incident was caught on videotape and the videotape suggests that the pursuing officer intentionally "bumped" the rear of Plaintiff's motorcycle in an effort to get him to stop eluding the police.

**9. The nature and length of the professional relationship with the client**: There is no evidence or suggestion that the attorneys' representation of the Plaintiff in this case was anything more than a single agreement between Plaintiff and counsel to represent him in this particular case.

**10. Combination of factors:** Upon full review of the factors in this case, the Court finds nothing, either singularly or in combination, which indicates that the lodestar amount should be adjusted.

### D. Fees for Filing and Pursuing Fee Petition

In Coulter v. State of Tennessee, 805 F.2d 146 (6th Cir. 1989). the Sixth Circuit found that, while it is permissible for attorneys to seek fees for filing a petition for attorney's fees, "in the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the [attorney fee] issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary." Id. at 151. Thus, the Sixth Circuit's "general rule is that, in the absence of unusual circumstances, the 'fees for fees' recovery should not exceed three percent of the hours in the main case which is decided without a trial." Auto Alliance, 155 Fed. Appx. at 229.

Here, Plaintiff requests $7,637.50 in fees for preparation and pursuit of his Motion for Attorney's Fees and Costs. This represents almost ten percent of his underlying fee request and is excessive under prevailing law. Because there are no "unusual circumstances" in this case,[3] the Court will reduce the fee request for work performed in requesting fees to 3% of the total amount of fees awarded.

### E. Summary of Attorney Fees to be Awarded

Based upon the foregoing, the Court will reduce the number of hours requested by Plaintiff's counsel by 25% to account for general excessiveness and block billing. The Court will also reduce Clarke's requested rate from $350.00 per hour to $275.00 per hour, and Burroughs' requested hourly rate from $225.00 per hour to $200.00 per hour.

The Court will award Plaintiff fees for Clarke's work in the amount of $20,080.50 which represents 73.02 hours at $275.00 per hour. The Court will also award Plaintiff fees for the work

---

[3]While Plaintiff filed a response brief, the arguments relating to attorney's fees were fully addressed in the initial briefs filed by the parties.

11

performed by Burroughs in the amount of $7,424.00, which represents 37.12 hours at $200.00 per hour. Combined, Plaintiff will be awarded $27,504.50 in attorney's fees for the work performed by counsel in securing a judgment. To that, the court will add 3% of the total fee award ($825.12) to compensate Plaintiff for the preparation of the request for attorney's fees. All totaled, Plaintiff shall be awarded $28,329.62 in attorney's fees.

**F. Motion for Costs**

In addition to attorney's fees, Plaintiff has moved for costs totaling $2,086.40, which represents the costs incurred by Clarke ($849.63) and by Burroughs ($1,236.77). However, Plaintiff also filed a Bill of Cost for the same items and since the filing of his Motion for Attorney's Fees and Costs, the Clerk has entered a Final Taxation of Costs in the amount of $968.49 (Docket Entry No. 60). The Clerk also informed the parties that within five days from the date of entry on February 23, 2007, the parties could file a motion objecting to the taxation of costs with the Court as provided for in Local Rule 54.01(a). No such motion having been filed, the Court finds that the Clerk properly assessed costs in the amount of $968.49.

## IV. CONCLUSION

The Court finds that Plaintiff is entitled to a fully compensatory fee in the amount of $28,329.62. Plaintiff is also entitled to costs in the amount of $968.49 as taxed by the Clerk of this Court.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

12